**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SAFETY BRAKING CORPORATION, a Delaware corporation,
MAGNETAR TECHNOLOGIES CORP., a Nevada corporation,
and G&T CONVEYOR CO., a Florida corporation,

        Plaintiffs,

        v.

SIX FLAGS, INC., a Delaware corporation,
SIX FLAGS THEME PARKS INC., a Delaware corporation,
SF PARTNERSHIP, a Delaware partnership,
TIERCO MARYLAND, INC., a Delaware corporation,
BUSCH ENTERTAINMENT CORP., a Delaware corporation,
CEDAR FAIR LP, a Delaware limited partnership,
PARAMOUNT PARKS, INC., a Delaware corporation,
NBC UNIVERSAL, INC., a Delaware corporation,
UNIVERSAL STUDIOS, INC., a Delaware corporation,
BLACKSTONE GROUP L.P., a Delaware limited partnership,
THE WALT DISNEY CO., a Delaware corporation, and
WALT DISNEY PARKS AND RESORTS, LLC, a Florida
company,

        Defendants.

Civil Action No. 07-127-***

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Plaintiffs Safety Braking Corporation and Magnetar Technologies Corporation ("Plaintiffs") hereby oppose the motion for enlargement of time to respond to the Complaint filed by several of the defendants (the "Moving Defendants"), stating as follows:

1.      Plaintiffs have granted all defendants an extension of time of 14 days (beyond the 20 days provided defendants pursuant to Fed. R. Civ. P. 12(a)) to respond to the Complaint. This extension of time, resulting in a 34-day period in which to prepare a

response to the Complaint, should be sufficient for any party in this case to prepare and file its response.

2.      Plaintiffs have also offered all defendants an extension of time of 45 days to respond to the Complaint, under the condition that the defendant meet with Plaintiffs to discuss potential resolution of the case.   Defendant Busch Entertainment Corp. (hereinafter "Busch") agreed to such a meeting, and thus was granted a 45-day extension of time (through May 7th). In such a case, where the parties will be meeting to discuss potential resolution, a 45-day extension is appropriate and makes sense.  The extra time will be utilized by the parties in their meeting and related communications.  To grant the same extension to a defendant that has refused to meet with Plaintiffs is nonsensical and contravenes the goal of negotiated litigation resolution.

3.      Moving Defendants' requested 45-day unconditional extension is excessive.  Federal Rule of Civil Procedure 12(a)(1)(A) requires response within 20 days of service.  Moving Defendants' requested extension of 45 days would more than triple the allowed response time, and prejudice Plaintiffs in their attempt to resolve this matter as efficiently as possible.

4.      Moving Defendants argue that because Plaintiffs have granted one defendant a 45-day extension (conditioned on a meeting), granting all other defendants the same extension would not have an effect on the case.  Plaintiffs disagree.  Defendants not agreeing to meet to discuss resolution have chosen to proceed with litigation, and thus the procedures outlined in the Federal Rules of Civil Procedure should commence without undue delay.  Answers or other responses should be filed, and the Court can then set an initial conference so that the case can be placed on an appropriate pretrial schedule.

For these reasons, Plaintiffs oppose Moving Defendants' request for an unconditional 45-day enlargement of time to respond to the Complaint.

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Geoffrey A. Zelley (#4939)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899
 (302) 658-9141

Scott R. Miller
CONNOLLY BOVE LODGE & HUTZ LLP
355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
(213) 787-2500

*Attorneys for Plaintiffs*

Dated:  March 29, 2007

530058v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to counsel of record on the Court's CM/ECF registrants for this case.

I further certify that on March 29, 2007, I caused a copy of the foregoing document to be served upon the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
rhotowitz@potteranderson.com

### BY E-MAIL

Jeffrey M. Lenkov
Manning & Marder Kass Ellrod
Ramirez LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
jml@mmker.com

Terrell R. Miller
Storm LLP
Bank of America Plaza
901 Main Street, Suite 7100
Dallas, TX 75202
terrellmiller@alliplaw.com

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)