IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY BRAKING CORPORATION, MAGNETAR TECHNOLOGIES CORP. and G&T CONVEYOR CO., <br><br>Plaintiffs, <br><br>v. <br><br>SIX FLAGS, INC., SIX FLAGS THEME PARKS INC., SF PARTNERSHIP, TIERCO MARYLAND, INC. BUSCH ENTERTAINMENT CORP., CEDAR FAIR LP, PARAMOUNT PARKS, INC., NBC UNIVERSAL, INC., UNIVERSAL STUDIOS, INC., BLACKSTONE GROUP L.P., THE WALT DISNEY CO. and WALT DISNEY PARKS AND RESORTS, LLC, <br><br>Defendants. | C. A. No. 07-127-*** |

**DEFENDANT BUSCH ENTERTAINMENT CORP.'S
ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant, Busch Entertainment Corp. ("BEC"), hereby answers Plaintiffs' Original Complaint for Patent Infringement ("Complaint") and admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1.  BEC admits the allegations contained in paragraph 1 of the Complaint.

2.  BEC admits the allegations contained in paragraph 2 of the Complaint, but reserves the right to move to transfer venue under 28 U.S.C. § 1404.

## THE PARTIES

### Plaintiffs

3.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies said allegations.

4.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies said allegations.

5.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies said allegations.

### Defendants

6.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies said allegations.

7.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies said allegations.

8.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies said allegations.

9.  BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies said allegations.

10. BEC admits the allegations contained in paragraph 10 of the Complaint.

11. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies said allegations.

12. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies said allegations.

13. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies said allegations.

14. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies said allegations.

15. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies said allegations.

16. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies said allegations.

17. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies said allegations.

### FIRST CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 5,277,125)**

18. BEC adopts and incorporates by reference its responses to paragraphs 1-17 of the Complaint.

19. BEC admits that on January 11, 1994, United States Patent No. 5,277,125 was issued by the United States Patent and Trademark Office; however, BEC lacks sufficient information or belief to admit or deny that on January 11, 1994, United States Patent No. 5,277,125 was duly and legally issued by the United States Patent and Trademark Office and therefore denies said allegations. Except as expressly admitted, BEC denies the remaining allegations contained in paragraph 19 of the Complaint.

20. BEC denies the allegations contained in paragraph 20 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,659,237)

21. BEC adopts and incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. BEC admits that on December 9, 2003, United States Patent No. 6,659,237 was issued by the United States Patent and Trademark Office; however, BEC lacks sufficient information or belief to admit or deny that on January 11, 1994, United States Patent No. 6,659,237 was duly and legally issued by the United States Patent and Trademark Office and therefore denies said allegations. Except as expressly admitted, BEC denies the remaining allegations contained in paragraph 22 of the Complaint.

23. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies said allegations.

## PLAINTIFFS' REQUEST FOR RELIEF

24. BEC denies that Plaintiffs are entitled to any relief on their claims.

## DEFENSES

BEC pleads the following defenses and matters of avoidance:

### First Defense

Plaintiffs are precluded from recovering from BEC because BEC has not and does not manufacture, use, sell, offer to sell, or import into the United States any products or employ any methods which infringe any valid claim of United States Patent No. 5,277,125.

### Second Defense

Plaintiffs are estopped, by reason of the prosecution of the application of United States Patent No. 5,277,125, to assert a claim construction that would cause Patent No. 5,277,125 to cover or include any product manufactured, used, sold, offered for sale, or imported into the United States.

### Third Defense

Plaintiffs' claims are barred in whole or in part to the extent they failed to comply with the requirements of 35 U.S.C. § 287.

### Fourth Defense

Patent No. 5,277,125 is invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

### Fifth Defense

Plaintiffs' claims are barred in whole or in part by laches.

### DEFENDANT BEC'S PRAYER FOR RELIEF

WHEREFORE, DEFENDANT BEC respectfully requests that this Court:

(1) Find Plaintiffs' '125 Patent invalid;

(2) Find Plaintiffs' '125 Patent not infringed directly or indirectly by Defendant BEC;

(3) Deny Plaintiffs' request for relief in its entirety;

(4) Find this to be an exceptional case warranting attorneys' fees to Defendant BEC pursuant to 35 U.S.C. § 285;

(5) Enter judgment in favor of Defendant BEC on all claims and award Defendant BEC its damages, costs, fees, and such other relief as the Court deems just.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Paul V. Storm
Terrell R. Miller
John W. MacPete
Christopher J. Kling
STORM LLP
901 Main Street, Suite 7100
Dallas, Texas 75202
Tel: (214) 347-4700
Fax: (214) 347-4799

Dated: May 7, 2007

793740 / 31316

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000\
    Fax: (302)
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant
Busch Entertainment Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 7, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Francis DiGiovanni
Geoffrey A. Zelley
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899

Jack B. Blumenfeld
Rodger Daller Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on May 7, 2007, I have Electronically Mailed the documents to the following:

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 S. Grand Ave., Suite 3150
Los Angeles, CA  90071
smiller@cblh.com

Jeffrey M. Lenkov
Manning & Marder Kass Ellrod Ramirez LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA  90017
jml@mmker.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

793761 / 31316