# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SAFETY BRAKING CORPORATION, a Delaware corporation, MAGNETAR TECHNOLOGIES CORP., a Nevada corporation, and G&T CONVEYOR CO., a Florida corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>SIX FLAGS, INC., a Delaware corporation, SIX FLAGS THEME PARKS INC., a Delaware corporation, SF PARTNERSHIP, a Delaware partnership, TIERCO MARYLAND, INC., a Delaware corporation, BUSCH ENTERTAINMENT CORP., a Delaware corporation, CEDAR FAIR LP, a Delaware limited partnership, PARAMOUNT PARKS, INC., a Delaware corporation, NBC UNIVERSAL, INC., a Delaware corporation, UNIVERSAL STUDIOS, INC., a Delaware corporation, BLACKSTONE GROUP L.P., a Delaware limited partnership, THE WALT DISNEY CO., a Delaware corporation, and WALT DISNEY PARKS AND RESORTS, LLC, a Florida company,<br><br>  Defendants. | C.A. No. 07-127-***<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS SIX FLAGS, INC., SIX FLAGS THEME PARKS INC., SF PARTNERSHIP, TIERCO MARYLAND, INC., CEDAR FAIR LP, PARAMOUNT PARKS, INC., NBC UNIVERSAL, INC., UNIVERSAL STUDIOS, INC., AND THE BLACKSTONE GROUP L.P.

Defendants Six Flags, Inc. ("Six Flags"), Six Flags Theme Parks Inc. ("Six Flags Theme Parks"), SF Partnership ("SF"), Tierco Maryland, Inc. ("Tierco"), Cedar Fair LP ("Cedar Fair"), Paramount Parks, Inc. ("Paramount"), NBC Universal, Inc. ("NBC Universal"), Universal Studios, Inc. ("USI"), and The Blackstone Group, L.P. ("Blackstone") (collectively and severally, the "Defendants"), respond as follows to the Complaint of Safety Braking Corporation

("Safety Braking"), Magnetar Technologies Corp. ("Magnetar"), and G&T Conveyor Co. ("G&T") (collectively and severally, the "Plaintiffs"):

## JURISDICTION AND VENUE

1.  The allegation of Paragraph 1 of the Complaint is a legal conclusion to which no response is required.

2.  The allegation of Paragraph 2 of the Complaint is a legal conclusion to which no response is required.

## THE PARTIES

### Plaintiffs

3.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore deny the same.

4.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore deny the same.

5.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore deny the same.

### Defendants

6.  Defendants Six Flags, Six Flags Theme Parks, SF, and Tierco (collectively and severally, the "Six Flags Defendants") admit that defendant Six Flags is a Delaware corporation with principal executive offices at 1540 Broadway, 15th Floor, New York, NY 10036. The Six Flags Defendants admit that the Delaware registered agent for Six Flags is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. The Six Flags Defendants deny that Six Flags owns or operates amusement parks in the United States, but admit that Six Flags indirectly owns and operates amusement parks in the United

States, including Six Flags Great Adventure in Jackson, New Jersey; Six Flags Magic Mountain in Valencia, California; Six Flags America in Largo, Maryland; Six Flags New England in Agawam, Massachusetts; Six Flags Great American in Gurnee, Illinois; Six Flags Over Georgia in Austell, Georgia; Six Flags Over Texas in Arlington, Texas; Six Flags Kentucky Kingdom in Louisville, Kentucky; and Six Flags St. Louis in Eureka, Missouri.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore deny the same.

7.      The Six Flags Defendants admit that defendant Six Flags Theme Parks is a Delaware corporation.  Defendants admit that the Delaware registered agent for Six Flags Theme Parks is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Six Flags Defendants admit that Six Flags Theme Parks is a subsidiary of Six Flags.  The Six Flags Defendants deny that Six Flags Theme Parks owns or operates amusement parks in the United States, but admit that Six Flags Theme Parks indirectly owns or operates amusement parks in the United States, including Six Flags Great Adventure in Jackson, New Jersey; Six Flags Magic Mountain in Valencia, California; Six Flags America in Largo, Maryland; Six Flags New England in Agawam, Massachusetts; Six Flags Great America in Gurnee, Illinois.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore deny the same.

8.      The Six Flags Defendants admit that defendant SF is a Delaware partnership that has its principal address at 1540 Broadway, 15th Floor, New York, NY 10036.  The Six Flags Defendants admit that SF's general partner is Six Flags Theme Parks.  The Six

Flags Defendants admit that SF is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore deny the same.

9. The Six Flags Defendants admit that defendant Tierco is a Delaware corporation headquartered in Mitchellville, Maryland. The Six Flags Defendants admit that the Delaware registered agent for Tierco is Corporation Service Company (formerly known as The Prentice-Hall Corporation System, Inc.), 2711 Centerville Road, Suite 400, Wilmington, DE 19808. The Six Flags Defendants admit that Tierco is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Tierco owns and operates Six Flags America in Largo, Maryland. The Six Flags Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore deny the same.

11. Defendants Cedar Fair and Paramount (collectively and severally, the "Cedar Fair Defendants") admit that defendant Cedar Fair is a Delaware limited partnership with principal executive offices at One Cedar Point Drive, Sandusky, Ohio 44870-5259. The Cedar Fair Defendants admit that the Delaware registered agent for Cedar Fair is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. The Cedar Fair Defendants admit that Cedar Fair is a publicly traded limited partnership. The Cedar Fair Defendants admit that Cedar Fair owns and operates the following amusement parks: Cedar Point, located in Sandusky, Ohio; Knott's Berry Farm in Buena Park, California; Valley Fair in

Shakopee, Minnesota; Geauga Lake in Aurora, Ohio; and Worlds of Fun in Kansas City, Missouri.  The Cedar Fair Defendants admit that Cedar Fair indirectly owns and operates the following amusement parks:  Kings Dominion in Doswell, Virginia and Kings Island in Mason, Ohio.  The Cedar Fair Defendants admit that Cedar Fair announced in 2006 that it signed an agreement to acquire the stock of Paramount Parks, Inc.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore deny the same.

12. The Cedar Fair Defendants admit that defendant Paramount is a Delaware corporation.  The Cedar Fair Defendants admit that the Delaware registered agent for Paramount is Corporation Service Company (formerly known as The Prentice-Hall Corporation System, Inc.), 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Cedar Fair Defendants admit that Paramount owns and operates amusement parks in the United States, including Kings Island in Mason, Ohio; and Kings Dominion in Doswell, Virginia.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore deny the same.

13. Defendants NBC Universal and USI (collectively and severally, the "Universal Defendants") admit that defendant NBC Universal is a Delaware corporation with principal executive offices at 30 Rockefeller Plaza, New York, NY 10112.  The Universal Defendants admit that the Delaware registered agent for NBC Universal is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  The Universal Defendants admit that NBC Universal is a media and entertainment company with full or partial indirect ownership interests in certain television stations, motion picture companies,

television production companies, and theme parks in the United States, including Universal Studios Hollywood in Universal City, California and Universal's Islands of Adventure and Universal Studios Florida in Orlando, Florida. The Universal Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore deny the same.

14. The Universal Defendants admit that defendant USI is a Delaware corporation with corporate offices at 100 Universal City Plaza, Universal City, CA 91608. The Universal Defendants admit that the Delaware registered agent for USI is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. The Universal Defendants admit that USI is a subsidiary of NBC Universal with full or partial indirect ownership interests in certain theme parks, including Universal Studios Hollywood in Universal City, California and Universal's Islands of Adventure and Universal Studios Florida in Orlando, Florida. The Universal Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore deny the same.

15. Defendant Blackstone admits that it is a Delaware limited partnership headquartered at 345 Park Ave., New York, NY 10154. Defendant Blackstone admits that its Delaware registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Defendant Blackstone admits that it is a private equity and investment management firm. Defendant Blackstone and the Universal Defendants admit that certain of defendant Blackstone's affiliates have a partial direct or indirect ownership interest in Universal Studios Florida in Orlando, Florida. Defendant Blackstone and the

Universal defendants deny the remaining allegations contained in Paragraph 15 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore deny the same.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 5,277,125)**

18. Defendants incorporate their responses to Paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19. Defendants admit that United States Patent No. 5,277,125 ("the '125 patent") indicates on its face that it was issued on January 11, 1994. Defendants admit that an uncertified copy of the '125 patent is attached to the Complaint as Exhibit A. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that G&T is the assignee of the '125 patent, and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Magnetar received an exclusive license under the '125 patent from G&T for certain fields of use, and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Safety Braking is the exclusive licensee under the '125 patent for such fields of use, and therefore deny the same. Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,659,237)

21. Defendants incorporate their responses to Paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. Defendants admit that United States Patent No. 6,659,237 ("the '237 patent") indicates on its face that it was issued on December 9, 2003. Defendants admit that an uncertified copy of the '237 patent is attached to the Complaint as Exhibit B. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the '237 patent is assigned to Magnetar, and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Safety Braking is the exclusive licensee under the '237 patent, and therefore deny the same. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23. Defendants Cedar Fair, Paramount, NBC Universal and USI deny the allegations of Paragraph 23 of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore deny the same.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and as separate affirmative defenses, Defendants allege as follows:

### First Affirmative Defense

24. Plaintiffs are not entitled to any relief against Defendants because Defendants have not directly or indirectly infringed any valid and enforceable claim of the '125 patent and/or the '237 patent (collectively, "the patents-in-suit").

### Second Affirmative Defense

25. One or more of the claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

### Third Affirmative Defense

26. One or more of the claims of the patents-in-suit are unenforceable against Defendants because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

### Fourth Affirmative Defense

27. Defendants are exempt from liability for infringement in whole or in part as a result of actual and/or implied contracts between Plaintiffs and Defendants, or an actual and/or implied contract between Plaintiffs and one or more third parties, of which Defendants were intended beneficiaries.

### Fifth Affirmative Defense

28. Plaintiffs' right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287. Upon information and belief, Plaintiffs have not previously marked their products or (prior to filing the Complaint in this action) given notice to Defendants of the patents-in-suit.

### Sixth Affirmative Defense

29. Pursuant to 35 U.S.C. § 286, Plaintiffs are not entitled to recover for any infringement committed more than six years prior to the filing of the complaint in this action.

### Seventh Affirmative Defense

30. Plaintiffs are not entitled to injunctive relief because they have not suffered and will not suffer irreparable harm, because adequate remedies are available at law, because the balance of hardships would favor defendants, and/or because the public interest would be disserved by the entry of injunctive relief.

### Eighth Affirmative Defense

31. Defendants have not willfully infringed, either directly or indirectly, any valid and enforceable claim of the patents-in-suit.

### Ninth Affirmative Defense

32. Plaintiffs are not entitled to recovery of increased damages or attorneys' fees.

### Tenth Affirmative Defense

33. Plaintiffs are precluded from recovering costs under 35 U.S.C. § 288, because one or more claims of the patents-in-suit are invalid and no disclaimer of the invalid claim or claims has been entered before the United States Patent and Trademark Office before commencement of the suit.

### COUNTERCLAIMS

Defendants ("Counterclaim-Plaintiffs") for their counterclaims against Plaintiffs ("Counterclaim-Defendants") allege as follows:

### PARTIES

34. Counterclaim-Plaintiff Six Flags, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

35. Counterclaim-Plaintiff Six Flags Theme Parks, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

36. Counterclaim-Plaintiff SF Partnership is a partnership organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

37. Counterclaim-Plaintiff Tierco Maryland, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Mitchellville, Maryland.

38. Counterclaim-Plaintiff Cedar Fair LP is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Sandusky, Ohio.

39. Counterclaim-Plaintiff Paramount Parks, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Sandusky, Ohio.

40. Counterclaim-Plaintiff NBC Universal, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

41. Counterclaim-Plaintiff Universal Studios, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Universal City, California.

42. Counterclaim-Plaintiff The Blackstone Group, L.P. is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

43. Upon information and belief, Counterclaim-Defendant Safety Braking Corporation is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Newport Beach, California.

44. Upon information and belief, Counterclaim-Defendant Magnetar Technologies Corp. is a corporation organized and existing under the laws of the state of Nevada, with its principal place of business in Seal Beach, California.

45. Upon information and belief, Counterclaim-Defendant G&T Conveyor Co. is a corporation organized and existing under the laws of Florida, with its principal place of business in Tavares, Florida.

## JURISDICTION AND VENUE

46. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331, 1338(a), and 2201.

47. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## ACTUAL CASE OR CONTROVERSY

48. Upon information and belief, Counterclaim-Defendants claim to be the owners, assignees, and/or exclusive licensees of all rights, titles, and interests in and to the patents-in-suit.

49. Counterclaim-Defendants have accused Counterclaim-Plaintiffs of infringing the patents-in-suit.

50. An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the patents-in-suit.

- 13 -

## FIRST COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of the '125 patent)

51. Counterclaim-Plaintiffs repeat and reallege the allegations of the preceding Counterclaim Paragraphs 34 through 50 as though fully set forth herein.

52. Counterclaim-Plaintiffs have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of the '125 patent.

53. One or more of the claims of the '125 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

54. One or more of the claims of the '125 patent are unenforceable against Counterclaim-Plaintiffs because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

55. One or more of the claims of the '125 patent are unenforceable against Counterclaim-Plaintiffs because of the operation of an actual or implied contract between Counterclaim-Defendants and Counterclaim-Plaintiffs, or an actual and/or implied contract between Counterclaim-Defendants and one or more third parties, of which Counterclaim-Plaintiffs were intended beneficiaries.

56. Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed and are not infringing the '125 patent, that the '125 patent is invalid, and that the '125 patent is not enforceable.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of the '237 patent)**

57. Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI repeat and reallege the allegations of the preceding Counterclaim Paragraphs 34 through 50 as though fully set forth herein.

58. Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of the '237 patent.

59. One or more of the claims of the '237 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

60. One or more of the claims of the '237 patent are unenforceable against Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

61. One or more of the claims of the '237 patent are unenforceable against Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI because of the operation of an actual or implied contract between Counterclaim-Defendants and Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI, or an actual and/or implied contract between Counterclaim-Defendants and one or more third parties, of which Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI were intended beneficiaries.

62. Counterclaim-Plaintiffs Cedar Fair, Paramount, NBC Universal and USI are entitled to a declaratory judgment that they have not infringed and are not infringing the '237 patent, that the '237 patent is invalid, and that the '237 patent is not enforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim-Plaintiffs respectfully pray for judgment:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Declaring that Defendants/Counterclaim-Plaintiffs have not infringed and are not infringing the patents-in-suit;

C. Declaring that one or more of the claims of the patents-in-suit are invalid, void, and/or unenforceable;

D. Awarding Defendants/Counterclaim-Plaintiffs their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

E. Granting such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendants Six Flags, Inc., Six Flags Theme Parks Inc., SF Partnership, Tierco Maryland, Inc., Cedar Fair LP, Paramount Parks, Inc., NBC Universal, Inc., Universal Studios, Inc., and The Blackstone Group, L.P.*

- 16 -

OF COUNSEL:

William F. Lee
James B. Lampert
Donald R. Steinberg
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

David B. Bassett
Amr O. Aly
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

May 7, 2007

821258

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Francis DiGiovanni
>Connolly Bove Lodge & Hutz LLP
>
>Richard L. Horwitz
>Potter Anderson & Corroon LLP

I further certify that I caused copies of the foregoing document to be served on May 7, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND**

>Francis DiGiovanni
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19899
>fdigiovanni@cblh.com
>
>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE  19801
>rhorwitz@potteranderson.com

/s/ *Rodger D. Smith II*
Rodger D. Smith II (#3778)
rsmith@mnat.com