IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY BRAKING CORPORATION, MAGNETAR TECHNOLOGIES CORP., and G&T CONVEYOR CO.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SIX FLAGS, INC., SIX FLAGS THEME PARKS INC., SF PARTNERSHIP, TIERCO MARYLAND, INC., BUSCH ENTERTAINMENT CORP., CEDAR FAIR LP, PARAMOUNT PARKS, INC., NBC UNIVERSAL, INC., UNIVERSAL STUDIOS, INC., and BLACKSTONE GROUP L.P.,<br><br>　　　　Defendants. | Civil Action No. 07-127-*** |

**PLAINTIFFS' REPLY TO COUNTERCLAIMS OF DEFENDANTS SIX FLAGS, INC., SIX FLAGS THEME PARKS INC., SF PARTNERSHIP, TIERCO MARYLAND, INC., CEDAR FAIR LP, PARAMOUNT PARKS, INC., NBC UNIVERSAL, INC., UNIVERSAL STUDIOS, INC., AND THE BLACKSTONE GROUP L.P.**

Plaintiffs and Counterclaim Defendants Safety Braking Corp. ("Safety Braking"), Magnetar Technologies Corp. ("Magnetar"), and G&T Conveyor Co. ("G&T") (collectively "Plaintiffs") reply as follows to the counterclaims filed in the ANSWER AND COUNTERCLAIMS OF DEFENDANTS SIX FLAGS, INC., SIX FLAGS THEME PARKS INC., SF PARTNERSHIP, TIERCO MARYLAND, INC., CEDAR FAIR LP, PARAMOUNT PARKS, INC., NBC UNIVERSAL, INC., UNIVERSAL STUDIOS, INC., AND THE BLACKSTONE GROUP L.P. in this action:

　　34.　　Admitted.

　　35.　　Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

## JURISDICTION AND VENUE

46. The allegation of Paragraph 46 is a legal conclusion to which no response is required.

47. The allegation of Paragraph 47 is a legal conclusion to which no response is required.

## ACTUAL CASE OR CONTROVERSY

48. Admitted.

49. Admitted.

50. Admitted.

## FIRST COUNTERCLAIM FOR RELIEF

51. Plaintiffs and Counterclaim Defendants incorporate their responses to Paragraphs 34 through 50 of the Counterclaims as though fully set forth herein.

52. Denied.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

## JURISDICTION AND VENUE

46. The allegation of Paragraph 46 is a legal conclusion to which no response is required.

47. The allegation of Paragraph 47 is a legal conclusion to which no response is required.

## ACTUAL CASE OR CONTROVERSY

48. Admitted.

49. Admitted.

50. Admitted.

## FIRST COUNTERCLAIM FOR RELIEF

51. Plaintiffs and Counterclaim Defendants incorporate their responses to Paragraphs 34 through 50 of the Counterclaims as though fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## SECOND COUNTERCLAIM FOR RELIEF

57. Plaintiffs and Counterclaim Defendants incorporate their responses to Paragraphs 34 through 50 of the Counterclaims as though fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**WHEREFORE**, the Plaintiffs and Counterclaim Defendants request the following relief:

A. That the Counterclaims be dismissed with prejudice.

B. That all relief prayed for by Counterclaim Plaintiffs be denied.

C. That the relief requested by Plaintiffs and Counterclaim Defendants in the Complaint herein be granted.

D. For such other and further relief that this Court may deem just and proper.

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Geoffrey A. Zelley (#4939)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

                                                           Scott R. Miller
                                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                                           355 S. Grand Ave.
                                                           Suite 3150
                                                           Los Angeles, CA 90071
                                                           (213)787-2500

Dated:  May 25, 2007                                  *Attorneys for Plaintiffs*

538519v1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to counsel of record on the Court's CM/ECF registrants for this case. I further certify that on May 25, 2007, I caused a copy of the foregoing document to be served upon the following in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

| | |
|---|---|
| Jack B. Blumenfeld | Richard L. Horwitz |
| Rodger D. Smith II | Potter Anderson & Corroon LLP |
| Morris, Nichols, Arsht & Tunnell, LLP | Hercules Plaza, 6th Floor |
| 1201 N. Market Street | 1313 North Market Street |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | rhorwitz@potteranderson.com |
| jblumenfeld@mnat.com | |
| rsmith@mnat.com | |

**BY E-MAIL**

| | |
|---|---|
| Jeffrey M. Lenkov | Paul V. Storm |
| Manning & Marder Kass Ellrod | Terrell R. Miller |
|    Ramirez LLP Storm LLP | Bank of America Plaza |
| 15th Floor at 801 Tower | 901 Main Street, Suite 7100 |
| 801 South Figueroa Street | Dallas, TX 75202 |
| Los Angeles, CA 90017 | paulstorm@alliplaw.com |
| jml@mmker.com | terrellmiller@alliplaw.com |

Amr O. Aly
WilmerHale
399 Park Avenue
New York, NY 10022
amr.aly@wilmerhale.com

                                            /s/ Francis DiGiovanni
                                            Francis DiGiovanni (#3189)