## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION,
MAGNETAR TECHNOLOGIES CORP.,
and G&T CONVEYOR CO.,

        Plaintiffs,

    v.

SIX FLAGS, INC., SIX FLAGS THEME
PARKS INC., SF PARTNERSHIP, TIERCO
MARYLAND, INC., BUSCH ENTERTAINMENT
CORP., CEDAR FAIR LP, PARAMOUNT
PARKS, INC., NBC UNIVERSAL, INC.,
UNIVERSAL STUDIOS, INC., and BLACKSTONE
GROUP L.P.,

        Defendants.

Civil Action No. 07-127-***

---

### STIPULATED ORDER GOVERNING THE
### PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their

counsel, that this stipulated Protective Order shall govern the handling of any information

produced or disclosed by any individual party named in the above captioned litigation or any

non-party ("the Producing Party") in connection with the above captioned litigation (hereinafter

"Litigation" or "Action"), including documents exchanged, things viewed, depositions,

deposition exhibits, interrogatory responses, responses to requests for admission, and pretrial and

trial testimony, and all copies, extracts, summaries, compilations, designations and portions of

any of the foregoing (such information shall hereinafter be referred to as "Discovery Material").

    1.   Confidential Information.  Any Producing Party may designate any Discovery

Material as "Confidential" under the terms of this Protective Order if such Producing Party in

good faith believes that such Discovery Material contains "Confidential Information." The term

1

"Confidential Information" shall be interpreted to mean:  trade secrets as defined under the applicable case law; other confidential, non-public, and proprietary technical, research or development information; commercial, financial, budgeting and/or accounting information; information about existing and potential customers, marketing studies, performance, and projections; business strategies, decisions, discussions, and/or negotiations; personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries and third parties; sales figures, customer lists, profit calculations, sales projections, production costs, marketing costs, overhead costs, marketing plans, business plans, non-public correspondence with government agencies and, as appropriate, research and development information, contracts and agreements with third parties, work with third party collaborators and licensees, and other similarly highly sensitive material. Any Producing Party may designate any Discovery Material as "Highly Confidential Outside Attorneys Eyes Only" if such Producing Party in good faith believes that such Discovery Material contains Highly Confidential Information.  "Highly Confidential Outside Attorneys Eyes Only" means non-public information, documents, and data which constitute confidential business or technical information which is reasonably considered by the parties to be highly sensitive because it contains competitive business information such as trade secrets; present and potential future product design information; marketing or sales planning information, or cost, pricing, or other similar information; and financial, safety, maintenance or testing information. It is the intention of the parties to designate documents and information under this more restrictive level of confidentiality only where there would be a potential of competitive harm from disclosure of the documents or information to the other parties without such a designation. Information designated "Highly Confidential Outside Attorneys Eyes Only" may not be

2

disclosed to persons representing the Receiving Party who fall within the categories described in paragraph 4(b) of this Protective Order. In all other respects, Discovery Material designated "Highly Confidential Outside Attorneys Eyes Only" shall be treated the same as Discovery Material designated "Confidential" pursuant to this Protective Order.

2.    Use of Confidential Discovery Material.    Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, as well as all other Discovery Material, and information derived therefrom shall be used solely for purposes of this Action and shall not be used for any other action or purpose, including, without limitations, any business, proprietary, commercial or governmental purpose.

3.    Manner of Designating Materials.    The designation of Discovery Material as "Confidential" "or Highly Confidential Outside Attorneys Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Producing Party.

(a)    In the case of documents, including any and all exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from transcripts or recordings of oral testimony from any deposition, pretrial or trial proceedings, which are subject to paragraph 3(b) below), by affixing the legend "Confidential – Civ. No. 07-127 (D. Del.)" or "Highly Confidential Outside Attorneys Eyes Only – Civ. No. 07-127 (D. Del.)" to all pages of any document containing any Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, respectively.

(b)    In the case of video tapes, audio tapes, and electronic media such as computer disks or compact discs (CD), which contain or include Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, by affixing the required legend on the package thereof;

3

(c)    For deposition, pretrial or trial testimony, in one of the following manners:

(i)    At any deposition or pretrial or trial proceeding, counsel for the person providing testimony may designate the entire transcript "Confidential" "or Highly Confidential Outside Attorneys Eyes Only" at any time during the proceeding, including at the outset. In addition, upon any inquiry with regard to the content of a Discovery Material marked "Confidential" "or Highly Confidential Outside Attorneys Eyes Only," or when counsel for a person (party or nonparty) deems that the answer to a question may result in the disclosure of Confidential or Highly Confidential Outside Attorneys Eyes Only Information of his or her client within the meaning of this Protective Order, counsel for the person whose information is involved, at his or her option, may state on the record before or during the deposition or proceeding that such testimony shall be treated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material, respectively, and, in lieu of taking other steps available in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition or proceeding and be filed in a sealed envelope marked in the manner set forth in paragraph 8 hereof. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified within this Protective Order, and the information contained herein shall not be used for any purpose other than for purposes of this suit. Counsel for the person whose Confidential or Highly Confidential Outside Attorneys Eyes Only Information is involved may also request that all persons other than the reporter, the Court and its personnel, counsel and authorized individuals leave the deposition or proceeding room during the confidential portion of the deposition or proceeding. The failure of such other persons to comply with a request to leave the deposition or proceeding, unless the Court orders the

4

testimony to go forward, shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

(ii)     Within 21 days from the receipt of the transcript or recording of the deposition or proceeding, counsel of record may designate the testimony or portions thereof as Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material and give written notice to opposing counsel.

The parties shall treat all depositions and other pretrial and trial testimony as Highly Confidential Outside Attorneys Eyes Only Discovery Material until 21 days after receiving a copy of the transcript thereof. After 21 days, only those portions of any transcript designated in writing (or on the record at the deposition or proceeding) as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" shall be deemed Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, respectively.     Counsel for the party designating a transcript, recording or portions thereof "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" shall be responsible for notifying the court reporter and opposing counsel in writing of those portions of the transcript that are "Confidential." The parties may modify this procedure for any particular deposition or proceeding, through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(d)     In the case of documents and things being made available for inspection, at the request of counsel for the Producing Party, all documents and things produced for inspection during discovery shall initially be considered to contain wholly Confidential information, and shall be produced for inspection only to persons representing the Receiving Party who fall within the category described in paragraph 4(a) of this Protective Order. At the

5

initial (or any subsequent) inspection of the original documents and things, if requested by the Producing Party, the Receiving Party shall not make copies of the documents produced. Copies of documents and copies or photographs of things requested by the Receiving Party shall be made, Bates-numbered and delivered to the Receiving Party; such process shall be performed as promptly as reasonably practicable and shall not await the production or inspection of other documents or things. After the Receiving Party has designated documents or things for copying, and before copies are transmitted to the Receiving Party, counsel for the Producing Party shall designate and mark the documents and things, as appropriate, as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" in accordance with paragraph 3(a) of this Order. Except as provided below in this paragraph, documents and things not so designated shall be considered thereafter outside the provisions of this Protective Order. Failure to so designate and mark as provided above in this paragraph shall not preclude the Producing Party from thereafter in good faith making such a designation and requesting the Receiving Party to so mark and treat such documents and things so designated. After such designations, such documents and things shall be fully subject to this Protective Order. The Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designations.

(e)    A party may be considered to be a "Producing Party" of Discovery Material produced by non-parties pursuant to Federal Rule of Civil Procedure 45, including but not limited to deposition testimony and documents, where the party would otherwise be entitled and have standing to object to the production of said Discovery Materials under Rule 45. Any party making a designation of Discovery Materials under this subparagraph must give written notice to all other parties citing this subparagraph and specifically identifying the materials so designated.

6

4.   Who May Access "Confidential" Information.   Discovery Material designated "Confidential" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a)   Outside counsel of record in this case, together with secretaries, paralegals, document clerks, and other support staff reporting directly to them and who are necessary to assist counsel with the preparation or trial of this action;

(b)   For each party:

(i)   any counsel who is a member of the party's respective in-house legal staff. Each party hereto represents that such in-house counsel has been (or will be prior to receiving Confidential Discovery Material) informed of the terms of this Protective Order and has agreed to be bound by its terms and conditions; and

(ii)   one (1) person with technical expertise who is employed by the party in the conduct of its business and who is necessary to assist counsel with the preparation or trial of this action. Each party hereto represents that such person has been (or will be prior to receiving Confidential Discovery Material) informed of the terms of this Protective Order and has agreed to be bound by its terms and conditions. ;

(c)   For each party, consultants or experts specifically retained for this Action, together with their assistants, subject to and conditioned upon compliance with paragraphs 5 and 6 of this Order;

(d)   The Court and its staff, and those court reporters and necessary support personnel of such court reporters retained in connection with depositions, hearing, or trial testimony given or taken by any party in this action, to the extent necessary to transcribe the

7

testimony and identify exhibits marked in the course of the testimony subject to paragraph 8 of this Order;

(e)     Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this order; and

(f)     Such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

5.     Experts and Consultants.

(a)     Each independent expert and consultant referred to in 4(c) hereof to whom Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an undertaking agreeing to be bound by the terms of this Protective Order.

(b)     At least seven (7) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material to any expert or consultant, the Receiving Party shall deliver to the other Producing Party a copy of the Undertaking signed by the person to whom Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office addresses, (iii) present employer and job description, (iv) any relationship to the parties to this action, and (v) a brief job history for the past three years if the person's current employment has been for less than three years.

8

(c)     Any other party shall be entitled to object to such disclosure to the expert or consultant within seven (7) business days after service of the Undertaking by stating specifically in writing the reasons why that party believes such person should not receive Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material.

(d)     In the event of such an objection, no disclosure of Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or be made only under certain conditions, or to permit the objecting party and the disclosing party to agree in writing that disclosure be made only under certain circumstances. The objecting party shall seek to have any such motion set for the earliest possible date before the Court, and such motion shall not be continued without the consent of all parties. If no such motion is made in such time and manner, Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential or Highly Confidential Outside Attorneys Eyes Only Information to persons as to whom no such objection has been made, nor shall it delay or defy any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

6.     Execution of Undertaking. Each person who, under sub-paragraph 4(c), receives, gains access to, or otherwise learns of any "Confidential" or "Highly Confidential Outside

9

Attorneys Eyes Only" Discovery Material, shall sign the Undertaking attached as Exhibit A hereto, confirming the Recipient's understanding and agreement to abide by the terms of this Protective Order. Counsel for the Receiving Party shall retain the original of the Undertaking.

      7.      <u>Witness Access to Confidential Information</u>. Any person who is not a present or former employee of the Producing Party may be interviewed, subpoenaed or examined as a witness at a hearing, trial or a deposition concerning any "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material which that person had lawfully received or had personal access to prior to and apart from this Action, and such a person shall be presumed lawfully to have received or to have personal access to any information of a Producing Party that appears on its face or from other documents or testimony to have been received previously by that person or communicated to that person. During the deposition of a non-party witness (not including a former employee), the witness may be shown "Confidential" or Highly "Confidential Outside Attorneys Eyes Only" Discovery Material only subject to and conditioned upon compliance with the requirements of this Protective Order. Any current employee of a party may be shown any Discovery Material produced by that party. Any former employee of a party may be shown any Discovery Material prepared or received by that party while that person was employed by that party.

      8.      <u>Filings With The Court</u>. Any filing with the Court containing Confidential or Highly Confidential Attorneys Eyes Only Discovery Material shall be marked "CONFIDENTIAL – FILED UNDER SEAL – PURSUANT TO PROTECTIVE ORDER." The filing shall be made under seal. Any Discovery Material designated as Confidential or Highly Confidential Outside Attorneys Eyes Only under this Order maintain their designation even when filed under seal with the Court or provided to the assigned Judge or the Magistrate Judge.

A version of such a filing wherein all Confidential Discovery Material has been redacted will be publicly filed with the Court (i.e., not filed under seal) consistent with the Electronic Filing Tips For Attorneys for the United States District Court for the District of Delaware dated 4/3/07.

9.  No Admission or Prejudice.  Producing or receiving "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material under, or otherwise acting in accordance with the terms of this Protective Order, or failing to object thereto, shall not:

(a)  operate as an admission by any party that any particular information does or does not comprise or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

(b)  operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" information;

(c)  prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason;

(d)  prejudice or waive in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)  prejudice or waive in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Protective Order;

(f)  prejudice or waive in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)  prejudice or waive in any way any claim or defense in this Action;

11

(h)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(i)     operate as a consent to any discovery; or

(j)     prejudice or waive in any way the rights of any party to contest, under Paragraph 16 of this Order, the other party's designation of any material as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only."

10.     Materials which are "Exempt". This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials or information designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" obtained lawfully by such party independently of any proceeding in this Action, or which:

(a)     was already known to such Receiving Party by lawful means prior to acquisition from, or disclosure by, another party in this Action;

(b)     is or becomes publicly known through no fault or act of the Receiving Party; or

(c)     is rightfully obtained by the Receiving Party from a third party which has authority to provide such "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" information to the Receiving Party without restriction as to disclosure by the Receiving Party.

11.     Treatment of "Exempt" Materials. Notwithstanding the provisions of paragraph 10, where the Receiving Party in good faith believes one or more of the exceptions set forth in

12

paragraph 10 is applicable to Discovery Material produced by the Producing Party, the Receiving Party shall challenge said designation in accordance with paragraph 16 and shall treat the disputed Discovery Material "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" as designated by the Producing Party until the challenge is resolved.

12.    Joinder of Parties.  In the event additional parties join or are joined in this Action, they shall not have access to "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order which is satisfactory to all parties and the Court.

13.    Applicability to Third Parties.  The terms of this Stipulated Protective Order shall apply to any third party that produces Discovery Material that is designated by such third party as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only."  Nothing in this paragraph permits a party to designate as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" any Discovery Material produced in this litigation by a third party which that third party did not itself designate as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only," unless the third party has Confidential or Highly Confidential Outside Attorneys Eyes Only information of a party that the third party is legally obligated to maintain as confidential.

14.    Governance of Proceeding; Modification.  The provisions of this Protective Order shall govern discovery and all proceedings in this Action and any appeals therefrom.  Each of the parties hereto is entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

15.    Termination.    The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals therefrom. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material shall, at the option of the Receiving Party, either destroy or return to counsel for the Producing Party such information and all copies thereof (including summaries and excerpts), and shall provide written certification thereof to the Producing Party. Counsel shall make reasonable efforts to ensure that any Consultants it has retained abide by this provision. Counsel for the Receiving Party shall provide a certification in writing to counsel for the Producing Party that all "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material in its possession has been destroyed or returned pursuant to this paragraph. Outside counsel of record for the Receiving Party shall be entitled to retain papers submitted by any party to the Court, deposition and trial transcripts and exhibits, and attorney work product (including filings, transcripts, and attorney work product that contains Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose any such Discovery Material contained in such filings, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16.    Disputing a Designation.    If the Receiving Party disagrees with a "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" designation, it may notify the Producing

14

Party in writing of such disagreement, and both parties will thereupon confer in good faith as to the proper status of such Discovery Material. If the parties are unable to reach agreement within ten (10) business days, the Receiving Party may apply to the Court for a ruling concerning the status of such Discovery Material and, while such application and ruling are pending, the Receiving Party shall treat such Discovery Material as required under this Protective Order. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent attack on the propriety of such designation. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality.

17.    Other Proceedings / Subpoena or Legal Process. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. If any Receiving Party is (a) subpoenaed in another action, or (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" by someone other than the Receiving Party, the Receiving Party, upon determining that such Discovery Materials are called for, shall give actual written notice, at the earliest practicable time, by hand or facsimile transmission, of such subpoena, demand or legal process, to those who produced or designated the material "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" and shall object to its production to the extent permitted by law.    Should the person seeking access to the "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce

15

such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order and shall use reasonable efforts to assist the Producing Party in objecting to production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order issued under the circumstances of this paragraph requiring production of Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18.    Disclosure to Government Agency.    In the event that any Receiving Party is required to (or shall, pursuant to a statute or regulation) disclose Discovery Material which was produced or designated by another disclosing party as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" to a United States government agency, the Receiving Party shall (a) request from the government agency the highest form of confidentiality treatment for the Discovery Material allowed by the agency's rules and regulations, and (b) prior to the submission to the agency, unless otherwise prohibited by law, provide to the Producing Party a copy of the submission which will contain the Discovery Material or information derived therefrom or, if the submission to the agency will not be in written form, a detailed summary of the submission.

19.    Rendering Legal Advice.    Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material under the terms of paragraph 4 of this Protective Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such Discovery Material.    In rendering such

16

advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any such Discovery Material of another person or party, whether specifically, generally, inferentially, in summary or otherwise, where such disclosure would not otherwise be permitted under the terms of this Protective Order.

20.    Prosecution Bar.    Any individual outside counsel or other person who receives Highly Confidential Outside Attorneys Eyes Only information of a technical nature shall not participate in the prosecution (including interferences, re-examinations, and re-issues) of any patent or patent application directed to or having claims covering amusement or theme parks (including rides, themes and operations) from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

21.    Inadvertent Production.    The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof or the confidential nature of any such information, as to the inadvertently produced document and as to any related material. The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the Producing Party that privileged or confidential information and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within five (5) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose until further Order of the

17

Court. All copies of the documents in electronic format must also be returned, or destroyed. If the Receiving Party contests the privilege, confidentiality or work-product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The Receiving Party shall, within twenty (20) business days from the initial notice by the Producing Party, move the Court for an Order compelling the production of the material. If no such motion is filed, upon expiration of the twenty (20) day period then all copies of the disputed document shall be returned or destroyed in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

22. Adequate Location of Materials. All Discovery Material containing Confidential Information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

23. Right to Seek Further Relief. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter

designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

RESPECTFULLY SUBMITTED, this 27 day of July, 2007.

**Consented to:**

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Geoffrey A. Zelley (#4939)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
fdigiovanni@cblh.com
gzelley@cblh.com

Of counsel:

Scott R. Miller
CONNOLLY BOVE LODGE & HUTZ LLP
355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
(213) 787-2500

*Attorneys for Plaintiffs*

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

Of counsel:

Amr O. Aly
WilmerHale
399 Park Avenue
New York, NY 10022
(212) 230-8800
amr.aly@wilmerhale.com

*Attorneys for Defendants Six Flags, Inc., Six Flags Theme Parks Inc., SF Partnership, Tierco Maryland, Inc., Cedar Fair LP, Paramount Parks, Inc., NBC Universal, Inc., Universal Studios, Inc., and Blackstone Group L.P.*

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com

Paul V. Storm
Terrell R. Miller
Storm LLP
Bank of America Plaza
901 Main Street, Suite 7100
Dallas, TX 75202
paulstorm@alliplaw.com
terrellmiller@alliplaw.com

*Attorneys for Defendant Busch
    Entertainment Corp.*

WHEREFORE, the Court having reviewed the foregoing submitted stipulated Protective

Order,

It is hereby ORDERED, this _30_ day of _July_____, 2007, that information

produced or disclosed by any party or non-party in connection with this civil action shall be

governed by this Order.

United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SAFETY BRAKING CORPORATION,
MAGNETAR TECHNOLOGIES CORP.,
and G&T CONVEYOR CO.,

       Plaintiffs,

       v.

SIX FLAGS, INC., SIX FLAGS THEME
PARKS INC., SF PARTNERSHIP, TIERCO
MARYLAND, INC., BUSCH ENTERTAINMENT
CORP., CEDAR FAIR LP, PARAMOUNT
PARKS, INC., NBC UNIVERSAL, INC.,
UNIVERSAL STUDIOS, INC., and BLACKSTONE
GROUP L.P.,

       Defendants.

Civil Action No. 07-127-***

## UNDERTAKING

I, _____ , state that:

1.    My address is _____ .

2.    My present employer is _____ , and the address of

my present employer is _____ .

3.    My present occupation or job title is _____ .

4.    I have received a copy of the Stipulated Order Governing The Protection And Exchange

Of Confidential Material (the "Protective Order") entered in this case.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.     I submit myself to the jurisdiction of the Court in this Action for purposes of enforcement of the Protective Order, and fully understand that violation of the Protective Order is punishable to the full extent permitted by the Court.

8.     I will hold in confidence, and will not disclose to anyone not qualified under the Confidentiality Order, any Discovery Material designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" (collectively "Confidential Discovery Material") or any words, substances, summaries, abstracts or indices of Confidential Discovery Material disclosed to me, and I shall use Confidential Discovery Material only for purposes of this Action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

9.     Promptly following the conclusion of my services in or involvement with this Action, or at the request of the party which employed or retained me, I will return all Confidential Discovery Material or any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this _30_ day of _____, 200_7_.

_____
Signature

554871