IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY BRAKING CORPORATION,<br>MAGNETAR TECHNOLOGIES CORP.<br>and G&T CONVEYOR CO.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SIX FLAGS THEME PARKS INC., TIERCO<br>MARYLAND, INC., GREAT AMERICA LLC,<br>KKI, LLC, MAGIC MOUNTAIN LLC, PARK<br>MANAGEMENT CORP., RIVERSIDE PARK<br>ENTERPRISES, INC., SIX FLAGS OVER<br>GEORGIA II, L.P., SIX FLAGS ST. LOUIS LLC,<br>TEXAS FLAGS LTD, ASTROWORLD, L.P.,<br>DARIEN LAKE THEME PARK AND CAMPING<br>RESORT, INC., ELITCH GARDENS, L.P., BUSCH<br>ENTERTAINMENT CORP., CEDAR FAIR LP,<br>PARAMOUNT PARKS, INC., KNOTT'S BERRY<br>FARM, KINGS ISLAND COMPANY, CEDAR<br>FAIR, UNIVERSAL CITY DEVELOPMENT<br>PARTNERS LTD., UNIVERSAL CITY<br>STUDIOS LLLP,<br><br>            Defendants. | C.A. No. 07-127-***<br><br>**JURY TRIAL DEMANDED** |

<u>DEFENDANT BUSCH ENTERTAINMENT CORP.'S ANSWER AND
COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendant, Busch Entertainment Corp. ("BEC"), hereby answers Plaintiffs' First Amended Complaint for Patent Infringement ("Complaint") and admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. As described below, BEC denies that the Court has subject matter jurisdiction over Count 1 of the Complaint. Subject to the aforementioned denial, BEC admits the allegations contained in paragraph 1 of the Complaint as they pertain to Count 2.

2. BEC admits the allegations contained in paragraph 2 of the Complaint, but reserves the right to move to transfer venue under 28 U.S.C. § 1404.

## THE PARTIES

### Plaintiffs

3. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies said allegations.

4. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies said allegations.

5. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies said allegations.

### Defendants

6. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies said allegations.

7. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies said allegations.

8. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies said allegations.

9. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies said allegations.

10. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies said allegations.

11. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies said allegations.

12. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies said allegations.

13. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies said allegations.

14. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies said allegations.

15. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies said allegations.

16. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies said allegations.

17. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies said allegations.

18. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies said allegations.

19. BEC admits the allegations contained in paragraph 19 of the Complaint.

20. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies said allegations.

21. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies said allegations.

22. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies said allegations.

23. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies said allegations.

24. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies said allegations.

25. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 25 of the Complaint and therefore denies said allegations.

26. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies said allegations.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,277,125)

27. BEC adopts and incorporates by reference its responses to paragraphs 1-26 of the Complaint.

28. BEC admits that on January 11, 1994, United States Patent No. 5,277,125 was issued by the United States Patent and Trademark Office; however, BEC lacks sufficient information or belief to admit or deny that on January 11, 1994, United States Patent No. 5,277,125 was duly and legally issued by the United States Patent and Trademark Office and therefore denies said allegations. Except as expressly admitted, BEC denies the remaining allegations contained in paragraph 28 of the Complaint.

29. BEC denies the allegations contained in paragraph 29 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,659,237)

30. BEC adopts and incorporates by reference its responses to paragraphs 1-29 of the Complaint.

31. BEC admits that on December 9, 2003, United States Patent No. 6,659,237 was issued by the United States Patent and Trademark Office; however, BEC lacks sufficient information or belief to admit or deny that on January 11, 1994, United States Patent No.

4

6,659,237 was duly and legally issued by the United States Patent and Trademark Office and therefore denies said allegations. Except as expressly admitted, BEC denies the remaining allegations contained in paragraph 31 of the Complaint.

32. BEC lacks sufficient information or belief to admit or deny the allegations contained in paragraph 32 of the Complaint and therefore denies said allegations.

## PLAINTIFFS' REQUEST FOR RELIEF

33. BEC denies that Plaintiffs are entitled to any relief on their claims.

## DEFENSES

BEC pleads the following defenses, affirmative defenses, and matters of avoidance:

### First Defense

34. Plaintiffs are precluded from recovering from BEC because BEC has not and does not manufacture, use, sell, offer to sell, or import into the United States any products or employ any methods which infringe, either directly, indirectly, or under the doctrine of equivalents, any valid claim of United States Patent No. 5,277,125.

### Second Defense

35. Plaintiffs are estopped, by reason of the prosecution of the application of United States Patent No. 5,277,125, to assert a claim construction that would cause Patent No. 5,277,125 to cover or include any product manufactured, used, sold, offered for sale, or imported into the United States.

### Third Defense

36. Plaintiffs' claims are barred in whole or in part to the extent they failed to comply with the requirements of 35 U.S.C. § 287.

### Fourth Defense

37.     Patent No. 5,277,125 is invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

### Fifth Defense

38.     Plaintiffs' claims are barred in whole or in part by laches.

### Sixth Defense

39.     Plaintiffs' claims for infringement of Patent No. 5,277,125 are barred for lack of subject matter jurisdiction and/or standing for failure of all owners of Patent No. 5,277,125 to joint or consent to suit.

### COUNTERCLAIM

Defendant BEC ("Counterclaim-Plaintiff") for its counterclaim against Plaintiffs ("Counterclaim-Defendants") states and alleges as follows:

### PARTIES

40.     Counterclaim-Plaintiff BEC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in St. Louis, Missouri.

41.     Counterclaim-Defendant Safety Braking Corporation is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

42.     Counterclaim-Defendant Magnetar Technologies Corporation is a corporation organized and existing under the laws of the state of Nevada, with its principal place of business at 4825 Hazelnut Avenue, Seal Beach, California 90740.

43.     Counterclaim-Defendant G&T Conveyor Co. is a corporation organized and existing under the laws of Florida, with its principal place of business at 476 Southridge Industrial Drive, Tavares, Florida 32778.

## JURISDICTION AND VENUE

44. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 35 U.S.C. § 256.

45. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## ACTUAL CASE OR CONTROVERSY

46. Upon information and belief, one or more Counterclaim-Defendants claim to be the exclusive owners, assignees, and/or licensees of all rights, titles, and interests in and to Patent No. 5,277,125 ("'125 patent").

47. Counterclaim-Defendants have accused Counterclaim-Plaintiff BEC of infringing the '125 patent.

48. The '125 patent does not describe or claim any invention that meets the conditions of patentability under 35 U.S.C. §§ 102 and/or 103.

49. The '125 patent identifies a problem being solved as: "undue stress on the cars and tracks themselves due to an electromagnetic force created between the car and the motor[.]"

50. The '125 patent identifies the solution as a configuration of magnets such that the magnetic attraction applied to the car substantially cancels out.

51. The configuration of the magnets is an element of the claims in the '125 patent.

52. The configuration of the magnets was a contribution that was provided by Kwangho Chung.

53. Kwangho Chung was a consultant to BAE Systems working with, inter alia, Joel Staehs on the project that lead to the alleged invention described and claimed in the '125 patent.

54. If the '125 patent claims a patentable invention, Kwangho Chung was either the sole inventor or at least a co-inventor of such invention.

55. If the '125 patent claims a patentable invention, Kwangho Chung was either the owner or an owner of the '125 patent.

56. Counterclaim-Plaintiff BEC is the exclusive assignee of all rights, titles, and interests in the '125 patent owned by the Kwangho Chung.

57. By way of the exclusive assignment of all rights, titles, and interests in the '125 patent, Counterclaim-Plaintiff BEC is a co-owner of the '125 patent, and thus, cannot be sued for infringement of the '125 patent.

58. An actual case or controversy exists between Counterclaim-Defendants and Counterclaim-Plaintiff BEC concerning the sole or at least the joint inventorship/ownership of the '125 patent.

### FIRST COUNTERCLAIM FOR RELIEF

#### Declaratory Judgment of Inventorship/Ownership of Patent No. 5,277,125 under 35 U.S.C. § 256

59. Counterclaim-Plaintiff BEC repeats and realleges the allegations of the proceeding Counterclaim Paragraphs 40 through 58 as though fully set forth herein.

60. If the '125 patent claims a patentable invention, Counterclaim-Defendants failed to name the sole or at least the joint inventor, Kwangho Chung, of the '125 patent.

61. If the '125 patent claims a patentable invention, Kwangho Chung, the unnamed inventor, made some, if not all, the material contributions to the claimed inventions of the '125 patent.

62. If the '125 patent claims a patentable invention, Counterclaim-Plaintiff BEC is the exclusive assignee of all rights, titles, and interests in the '125 patent owned by Kwangho Chung, the unnamed inventor.

63. If the '125 patent claims a patentable invention, Counterclaim-Plaintiff BEC is entitled to a declaratory judgment, under 35 U.S.C. § 256, declaring Kwangho Chung to be the sole inventor or at least a co-inventor of the '125 patent and, via exclusive assignment of all rights, titles, and interests in the '125 patent from Kwangho Chung, Counterclaim-Plaintiff BEC is the sole owner or at least co-owner of the '125 patent.

**DEFENDANT/COUNTERCLAIM-PLAINTIFF BEC'S PRAYER FOR RELIEF**

WHEREFORE, DEFENDANT/COUNTERCLAIM PLAINTIFF BEC respectfully requests that this Court:

(1) Find Patent No. 5,277,125 to be invalid;

(2) Find Patent No. 5,277,125 to be not infringed directly or indirectly by Defendant BEC;

(3) If Patent No. 5,277,125 is held to be valid, find Kwangho Chung to be the sole inventor or alternatively the co-inventor of Patent No. 5,277,125;

(4) If Patent No. 5,277,125 is held to be valid, find BEC to be the sole owner or alternatively a co-owner of Patent No. 5,277,125;

(5) Deny Plaintiffs' request for relief in its entirety;

(6) Find this to be an exceptional case warranting attorneys' fees to Defendant BEC pursuant to 35 U.S.C. § 285; and

(7) Enter judgment in favor of Defendant BEC on all claims and award Defendant BEC its damages, costs, fees, and such other relief as the Court deems just.

## JURY DEMAND

Defendant/Counterclaim-Plaintiff BEC demands a trial by jury on all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul V. Storm
Christopher J. Kling
Terrell R. Miller
STORM LLP
901 Main Street, Suite 7100
Dallas, Texas 75202
Tel: (214) 347-4700

Dated: August 23, 2007
814738 / 31316

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: (302) 984-6000\
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Busch Entertainment Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 23, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 23, 2007, I have Electronically Mailed the document to the following person(s):

Francis DiGiovanni
Geoffrey A. Zelley
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
fdigiovanni@cblh.com
gzelley@cblh.com

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 S. Grand Ave., Suite 3150
Los Angeles, CA 90071
smiller@cblh.com

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

William F. Lee
James B. Lampert
Donald R. Steinberg
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
William.lee@wilmerhale.com
James.lampert@wilmerhale.com
Don.steinberg@wilmerhale.com

David B. Bassett
Amr O. Aly
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
David.bassett@wilmerhale.com
Amr.aly@wilmerhale.com

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

793761 / 31316