IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAFETY BRAKING CORPORATION, a Delaware corporation, MAGNETAR TECHNOLOGIES CORP., a Nevada corporation, and G&T CONVEYOR CO., a Florida corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-127-*** |
| SIX FLAGS THEME PARKS INC., a Delaware corporation, TIERCO MARYLAND, INC., a Delaware corporation, GREAT AMERICA LLC, an Illinois company, KKI, LLC, a Delaware company, MAGIC MOUNTAIN LLC, a California company, PARK MANAGEMENT CORP, a California corporation, RIVERSIDE PARK ENTERPRISES, INC., a Mass. Corp., SIX FLAGS OVER GEORGIA II, L.P., a Delaware partnership, SIX FLAGS ST. LOUIS LLC, a Missouri company, TEXAS FLAGS, LTD., a Texas partnership, ASTROWORLD, L.P., a Delaware partnership, DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., a New York corporation, ELITCH GARDENS, L.P., a Colorado partnership, BUSCH ENTERTAINMENT CORP., a Delaware corporation, CEDAR FAIR LP, a Delaware limited partnership, PARAMOUNT PARKS, INC., a Delaware corporation, KNOTT'S BERRY FARM, a California partnership, KINGS ISLAND COMPANY, a Delaware corporation, CEDAR FAIR, an Ohio partnership, UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., a Florida limited partnership, UNIVERSAL CITY STUDIOS LLLP, a Delaware partnership, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) | |

**ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS SIX FLAGS THEME PARKS INC., TIERCO MARYLAND, INC., GREAT AMERICA LLC, KKI, LLC, MAGIC MOUNTAIN LLC, PARK MANAGEMENT CORP, RIVERSIDE PARK ENTERPRISES, INC., SIX FLAGS OVER GEORGIA II, L.P., SIX FLAGS ST. LOUIS LLC, TEXAS FLAGS, LTD., ASTROWORLD, L.P., DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., ELITCH GARDENS, L.P., CEDAR FAIR LP PARAMOUNT PARKS, INC., KNOTT'S BERRY FARM, KINGS ISLAND COMPANY, CEDAR FAIR, UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., AND UNIVERSAL CITY STUDIOS LLLP**

Defendants Six Flags Theme Parks Inc. ("Six Flags Theme Parks"), Tierco Maryland, Inc. ("Tierco"), Great America LLC ("Great America"), KKI, LLC ("KKI"), Magic Mountain LLC ("Magic Mountain"), Park Management Corp. ("Park Management"), Riverside Park Enterprises, Inc. ("Riverside"), Six Flags Over Georgia II, L.P. ("Six Flags Georgia"), Six Flags St. Louis LLC ("Six Flags St. Louis"), Texas Flags, Ltd. ("Texas Flags"), Astroworld L.P. ("Astroworld"), Darien Lake Theme Park and Camping Resort, Inc. ("Darien Lake"), Elitch Gardens, L.P. ("Elitch Gardens"), Cedar Fair LP ("Cedar Fair"), Paramount Parks, Inc. ("Paramount"), Knott's Berry Farm ("Knott's"), Kings Island Company ("Kings Island"), Cedar Fair ("CF"), Universal City Development Partners Ltd. ("Universal Development"), and Universal City Studios LLLP ("Universal Studios") (collectively and severally, the "Defendants"), respond as follows to the First Amended Complaint of Safety Braking Corporation ("Safety Braking"), Magnetar Technologies Corp. ("Magnetar"), and G&T Conveyor Co. ("G&T") (collectively and severally, the "Plaintiffs"):

## JURISDICTION AND VENUE

1.      The allegation of Paragraph 1 of the First Amended Complaint is a legal conclusion to which no response is required.

2.      The allegation of Paragraph 2 of the First Amended Complaint is a legal conclusion to which no response is required.

## THE PARTIES

### Plaintiffs

3.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint, and therefore deny the same.

4.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint, and therefore deny the same.

5.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint, and therefore deny the same.

**<u>Defendants</u>**

6.     Defendants Six Flags Theme Parks, Tierco, Great America, KKI, Magic Mountain, Park Management, Riverside, Six Flags Georgia, Six Flags St. Louis, Texas Flags, Astroworld, Darien Lake, and Elitch Gardens (collectively and severally, the "Six Flags Defendants") admit that defendant Six Flags Theme Parks is a Delaware corporation.  The Six Flags Defendants admit that the Delaware registered agent for Six Flags Theme Parks is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Six Flags Defendants admit that Six Flags Theme Parks is a subsidiary of Six Flags.  The Six Flags Defendants deny that Six Flags Theme Parks owns or operates amusement parks in the United States, but admit that Six Flags Theme Parks indirectly owns or operates amusement parks in the United States, including Six Flags Great Adventure in Jackson, New Jersey.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint, and therefore deny the same.

7.     The Six Flags Defendants admit that defendant Tierco is a Delaware corporation headquartered in Mitchellville, Maryland.  The Six Flags Defendants admit that the Delaware registered agent for Tierco is Corporation Service Company (formerly known as The

Prentice-Hall Corporation System, Inc.), 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Six Flags Defendants admit that Tierco is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Tierco owns and operates Six Flags America in Bowie/Mitchellville, Maryland.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 7 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint, and therefore deny the same.

8.     The Six Flags Defendants admit that defendant Great America is a company organized under the laws of the State of Illinois.  The Six Flags Defendants admit that the principal office of Great America is at 542 N. Route 21, Gurnee, IL 60031.  The Six Flags Defendants admit that Great America is a subsidiary of Six Flags Theme Parks.  The Six Flags Defendants admit that Great America owns and operates the theme park Six Flags Great America in Gurnee, Illinois.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 8 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint, and therefore deny the same.

9.     The Six Flags Defendants admit that defendant KKI is a company organized under the laws of the State of Delaware.  The Six Flags Defendants admit that the Delaware registered agent for KKI is Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808.  The Six Flags Defendants admit that KKI is a subsidiary of Six Flags Theme Parks.  The Six Flags Defendants admit that KKI owns and operates the theme park Six Flags Kentucky Kingdom.  The Six Flags Defendants deny the remaining allegations contained in Paragraph 9 of the First Amended Complaint.  The remaining Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint, and therefore deny the same.

10.     The Six Flags Defendants admit that defendant Magic Mountain is a company organized under the laws of the State of California. The Six Flags Defendants admit that Magic Mountain is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Magic Mountain owns and operates the theme park Six Flags Magic Mountain. The Six Flags Defendants deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint, and therefore deny the same.

11.     The Six Flags Defendants admit that defendant Park Management is a corporation organized under the laws of the State of California. The Six Flags Defendants admit that Park Management is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Park Management owns and operates the theme park Six Flags Discovery Kingdom. The Six Flags Defendants deny the remaining allegations contained in Paragraph 11 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint, and therefore deny the same.

12.     The Six Flags Defendants admit that defendant Riverside is a corporation organized under the laws of the Commonwealth of Massachusetts. The Six Flags Defendants admit that the principal address of Riverside is at 1623 Main Street, P.O. Box 307, Agawam, MA 01001. The Six Flags Defendants admit that Riverside is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Riverside owns and operates the theme park Six Flags New England. The Six Flags Defendants deny the remaining allegations contained in Paragraph 12 of

the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint, and therefore deny the same.

13.     The Six Flags Defendants admit that defendant Six Flags Georgia is a limited partnership organized under the laws of the State of Delaware. The Six Flags Defendants admit that Six Flags Georgia owns and operates the theme park Six Flags Over Georgia. The Six Flags Defendants deny the remaining allegations contained in Paragraph 13 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint, and therefore deny the same.

14.     The Six Flags Defendants admit that defendant Six Flags St. Louis is a company organized under the laws of the State of Missouri. The Six Flags Defendants admit that Six Flags St. Louis is a subsidiary of Six Flags Theme Parks. The Six Flags Defendants admit that Six Flags St. Louis owns and operates the theme park Six Flags St. Louis. The Six Flags Defendants deny the remaining allegations contained in Paragraph 14 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint, and therefore deny the same.

15.     The Six Flags Defendants admit that defendant Texas Flags is a limited partnership organized under the laws of the State of Texas. The Six Flags Defendants admit that Texas Flags owns and operates the theme park Six Flags Over Texas. The Six Flags Defendants deny the remaining allegations contained in Paragraph 15 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint, and therefore deny the same.

16.     The Six Flags Defendants admit that defendant Astroworld is a partnership organized under the laws of the State of Delaware. The Six Flags Defendants admit that Astroworld owned and operated the theme park Astroworld. The Six Flags Defendants deny the remaining allegations contained in Paragraph 16 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint, and therefore deny the same.

17.     The Six Flags Defendants admit that defendant Darien Lake is a corporation organized under the laws of the State of New York. The Six Flags Defendants admit that Darien Lake owned and operated the theme park Six Flags Darien Lake. The Six Flags Defendants deny the remaining allegations contained in Paragraph 17 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint, and therefore deny the same.

18.     The Six Flags Defendants admit that defendant Elitch Gardens is a partnership organized under the laws of the State of Colorado. The Six Flags Defendants admit that Elitch Gardens owned and operated the theme park Six Flags Elitch Gardens. The Six Flags Defendants deny the remaining allegations contained in Paragraph 18 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint, and therefore deny the same.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint, and therefore deny the same.

20.    Defendants Cedar Fair, Paramount, Knott's, Kings Island, and CF (collectively and severally, the "Cedar Fair Defendants") admit that defendant Cedar Fair is a Delaware limited partnership with principal executive offices at One Cedar Point Drive, Sandusky, Ohio 44870-5259.  The Cedar Fair Defendants admit that the Delaware registered agent for Cedar Fair is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  The Cedar Fair Defendants admit that Cedar Fair is a publicly traded limited partnership.  The Cedar Fair Defendants admit that Cedar Fair owns the following amusement parks:  Cedar Point, located in Sandusky, Ohio; Valley Fair in Shakopee, Minnesota; Geauga Lake in Aurora, Ohio; and Worlds of Fun in Kansas City, Missouri.  The Cedar Fair Defendants admit that Cedar Fair announced in 2006 that it signed an agreement to acquire the stock of Paramount Parks, Inc.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 20 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint, and therefore deny the same.

21.    The Cedar Fair Defendants admit that defendant Paramount is a Delaware corporation.  The Cedar Fair Defendants admit that the Delaware registered agent for Paramount is Corporation Service Company (formerly known as The Prentice-Hall Corporation System, Inc.), 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Cedar Fair Defendants admit that Paramount owns and operates amusement parks in the United States, including Kings Dominion in Doswell, Virginia; Great America in Santa Clara, California; and Carowinds in Charlotte, North Carolina.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 21 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint, and therefore deny the same.

22.     The Cedar Fair Defendants admit that defendant Knott's is a general partnership organized under the laws of the State of California.  The Cedar Fair Defendants admit that Knott's owns the theme park Knott's Berry Farm and/or amusement rides.  The Cedar Fair Defendants deny that Knott's operates the theme park Knott's Berry Farm and/or amusement rides.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 22 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint, and therefore deny the same.

23.     The Cedar Fair Defendants admit that defendant Kings Island is a corporation organized under the laws of the State of Delaware.  The Cedar Fair Defendants admit that the Delaware registered agent for Kings Island is Corporation Service Company (formerly known as The Prentice-Hall Corporation System, Inc.), 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The Cedar Fair Defendants admit that Kings Island owns and operates the theme park King's Island and/or amusement rides.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 23 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint, and therefore deny the same.

24.     The Cedar Fair Defendants admit that defendant CF is a general partnership organized under the laws of the State of Ohio.  The Cedar Fair Defendants admit that CF operates the following amusement parks:  Cedar Point in Sandusky, Ohio; Valley Fair in Shakopee, Minnesota; Geauga Lake in Aurora, Ohio; Worlds of Fun in Kansas City, Missouri; and Knott's Berry Farm in Buena Park, California.  The Cedar Fair Defendants deny that CF owns parks and/or amusement rides.  The Cedar Fair Defendants deny the remaining allegations contained in Paragraph 24 of the First Amended Complaint.  The remaining Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint, and therefore deny the same.

25.     Defendants Universal Development and Universal Studios (collectively and severally, the "Universal Defendants") admit that defendant Universal Development is a limited partnership organized under the laws of the State of Florida. The Universal Defendants admit that Universal Development owns and operates the theme parks Universal Studios Florida, in Orlando, Florida and Universal Islands of Adventure in Orlando, Florida. The Universal Defendants deny the remaining allegations contained in Paragraph 25 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint, and therefore deny the same.

26.     The Universal Defendants admit that defendant Universal Studios is a limited liability limited partnership organized under the laws of the State of Delaware. The Universal Defendants admit that the Delaware registered agent for Universal Studios is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The Universal Defendants admit that Universal Studios owns and operates the theme park Universal Studios Hollywood in California. The Universal Defendants deny the remaining allegations contained in Paragraph 26 of the First Amended Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint, and therefore deny the same.

### FIRST CLAIM FOR RELIEF
#### (Infringement of U.S. Patent No. 5,277,125)

27.     Defendants incorporate their responses to Paragraphs 1 through 26 of the First Amended Complaint as though fully set forth herein.

- 10 -

28.     Defendants admit that United States Patent No. 5,277,125 ("the '125 patent") indicates on its face that it was issued on January 11, 1994. Defendants admit that an uncertified copy of the '125 patent is attached to the First Amended Complaint as Exhibit A. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that G&T is the assignee of the '125 patent and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Magnetar received an exclusive license under the '125 patent from G&T for certain fields of use and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Safety Braking is the exclusive licensee under the '125 patent for such fields of use and therefore deny the same. Defendants deny the remaining allegations of Paragraph 28 of the First Amended Complaint.

29.     Defendants deny the allegations of Paragraph 29 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,659,237)

30.     Defendants incorporate their responses to Paragraphs 1 through 26 of the First Amended Complaint as though fully set forth herein.

31.     Defendants admit that United States Patent No. 6,659,237 ("the '237 patent") indicates on its face that it was issued on December 9, 2003. Defendants admit that an uncertified copy of the '237 patent is attached to the First Amended Complaint as Exhibit B. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the '237 patent is assigned to Magnetar and therefore deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that

Safety Braking is the exclusive licensee under the '237 patent and therefore deny the same. Defendants deny the remaining allegations of Paragraph 22 of the First Amended Complaint.

      32.    Defendants Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios deny the allegations of Paragraph 32 of the First Amended Complaint.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint, and therefore deny the same.

## AFFIRMATIVE DEFENSES

      In further response to the First Amended Complaint, and as separate affirmative defenses, Defendants allege as follows:

### First Affirmative Defense

      33.    Plaintiffs are not entitled to any relief against Defendants because Defendants have not directly or indirectly infringed any valid and enforceable claim of the '125 patent and/or the '237 patent (collectively, "the patents-in-suit").

### Second Affirmative Defense

      34.    One or more of the claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

### Third Affirmative Defense

      35.    One or more of the claims of the patents-in-suit are unenforceable against Defendants because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

### Fourth Affirmative Defense

36.     Defendants are exempt from liability for infringement in whole or in part as a result of actual and/or implied contracts between Plaintiffs and Defendants, or an actual and/or implied contract between Plaintiffs and one or more third parties, of which Defendants were intended beneficiaries.

### Fifth Affirmative Defense

37.     Plaintiffs' right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.  Upon information and belief, Plaintiffs have not previously marked their products or (prior to filing the First Amended Complaint in this action) given notice to Defendants of the patents-in-suit.

### Sixth Affirmative Defense

38.     Pursuant to 35 U.S.C. § 286, Plaintiffs are not entitled to recover for any infringement committed more than six years prior to the filing of the First Amended Complaint in this action.

### Seventh Affirmative Defense

39.     Plaintiffs are not entitled to injunctive relief because they have not suffered and will not suffer irreparable harm, because adequate remedies are available at law, because the balance of hardships would favor defendants, and/or because the public interest would be disserved by the entry of injunctive relief.

### Eighth Affirmative Defense

40.     Defendants have not willfully infringed, either directly or indirectly, any valid and enforceable claim of the patents-in-suit.

### Ninth Affirmative Defense

41.    Plaintiffs are not entitled to recovery of increased damages or attorneys' fees.

### Tenth Affirmative Defense

42.    Plaintiffs are precluded from recovering costs under 35 U.S.C. § 288, because one or more claims of the patents-in-suit are invalid and no disclaimer of the invalid claim or claims has been entered before the United States Patent and Trademark Office before commencement of the suit.

### Eleventh Affirmative Defense

43.    Upon information and belief, one or more claims of the '125 patent are invalid because the purported invention was invented by a party other than the named inventors.

### Twelfth Affirmative Defense

44.    Upon information and belief, the '125 patent is invalid and/or unenforceable for failure to name all of the inventors of the claimed purported invention. Further, this action should be dismissed because, upon information and belief, all persons having ownership rights in the purported invention claimed in the patent are not plaintiffs.

### COUNTERCLAIMS

Defendants ("Counterclaim-Plaintiffs") for their counterclaims against Plaintiffs ("Counterclaim-Defendants") allege as follows:

### PARTIES

45.    Counterclaim-Plaintiff Six Flags Theme Parks Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Grand Prairie, Texas.

- 14 -

46.     Counterclaim-Plaintiff Tierco Maryland, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Mitchellville, Maryland.

47.     Counterclaim-Plaintiff Great America LLC is a company organized and existing under the laws of the state of Illinois, with its principal place of business in Gurnee, IL.

48.     Counterclaim-Plaintiff KKI, LLC is a company organized and existing under the laws of the state of Delaware, with its principal place of business in Grand Prairie, Texas.

49.     Counterclaim-Plaintiff Magic Mountain LLC is a company organized and existing under the laws of the state of California, with its principal place of business in Boston, Massachusetts.

50.     Counterclaim-Plaintiff Park Management Corp. is a corporation organized and existing under the laws of the state of California, with its principal place of business in Grand Prairie, Texas.

51.     Counterclaim-Plaintiff Riverside Park Enterprises, Inc. is a corporation organized and existing under the laws of the commonwealth of Massachusetts, with its principal place of business in Agawam, MA.

52.     Counterclaim-Plaintiff Six Flags Over Georgia II, L.P. is a limited partnership organized and existing under the laws of the state of Georgia, with its principal place of business in Norcross, Georgia.

53.     Counterclaim-Plaintiff Six Flags St. Louis LLC is a company organized and existing under the laws of the state of Missouri, with its principal place of business in Jefferson City, Missouri.

54.     Counterclaim-Plaintiff Texas Flags, Ltd. is a limited partnership organized and existing under the laws of the state of Texas, with its principal place of business in Arlington, Texas.

55.     Counterclaim-Plaintiff Astroworld L.P. is a partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Houston, Texas.

56.     Counterclaim-Plaintiff Darien Lake Theme Park and Camping Resort, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business in Darien Center, New York.

57.     Counterclaim-Plaintiff Elitch Gardens, L.P. is a partnership organized and existing under the laws of the state of Colorado, with its principal place of business in Jacksonville, Florida.

58.     Counterclaim-Plaintiff Cedar Fair LP is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Sandusky, Ohio.

59.     Counterclaim-Plaintiff Paramount Parks, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Sandusky, Ohio.

60.     Counterclaim-Plaintiff Knott's Berry Farm is a general partnership organized and existing under the laws of the state of California, with its principal place of business in Tustin, California.

61.     Counterclaim-Plaintiff Kings Island Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Kings Island, Ohio.

62.    Counterclaim-Plaintiff Cedar Fair is a general partnership organized and existing under the laws of the state of Ohio, with its principal place of business in Sandusky, Ohio.

63.    Counterclaim-Plaintiff Universal City Development Partners Ltd. is a limited partnership organized and existing under the laws of the state of Florida, with its principal place of business in Orlando, Florida.

64.    Counterclaim-Plaintiff Universal City Studios LLLP is a limited liability limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Universal City, California.

65.    Upon information and belief, Counterclaim-Defendant Safety Braking Corporation is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Newport Beach, California.

66.    Upon information and belief, Counterclaim-Defendant Magnetar Technologies Corp. is a corporation organized and existing under the laws of the state of Nevada, with its principal place of business in Seal Beach, California.

67.    Upon information and belief, Counterclaim-Defendant G&T Conveyor Co. is a corporation organized and existing under the laws of Florida, with its principal place of business in Tavares, Florida.

## JURISDICTION AND VENUE

68.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331, 1338(a), and 2201.

69.    Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## ACTUAL CASE OR CONTROVERSY

70.     Upon information and belief, Counterclaim-Defendants claim to be the owners, assignees, and/or exclusive licensees of all rights, titles, and interests in and to the patents-in-suit.

71.     Counterclaim-Defendants have accused Counterclaim-Plaintiffs of infringing the patents-in-suit.

72.     An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the patents-in-suit.

## FIRST COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement,
### Invalidity and Unenforceability of the '125 patent)

73.     Counterclaim-Plaintiffs repeat and reallege the allegations of the preceding Counterclaim Paragraphs 43 through 70 as though fully set forth herein.

74.     Counterclaim-Plaintiffs have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of the '125 patent.

75.     One or more of the claims of the '125 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

76.     Upon information and belief, one or more claims of the '125 patent are invalid because the purported invention was invented by a party other than the named inventors.

77.     Upon information and belief, the '125 patent is invalid and/or unenforceable for failure to name all of the inventors of the claimed purported invention.

78.     One or more of the claims of the '125 patent are unenforceable against Counterclaim-Plaintiffs because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

- 18 -

79.    One or more of the claims of the '125 patent are unenforceable against Counterclaim-Plaintiffs because of the operation of an actual or implied contract between Counterclaim-Defendants and Counterclaim-Plaintiffs, or an actual and/or implied contract between Counterclaim-Defendants and one or more third parties, of which Counterclaim-Plaintiffs were intended beneficiaries.

80.    Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed and are not infringing the '125 patent, that the '125 patent is invalid, and that the '125 patent is not enforceable.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement,**
**Invalidity and Unenforceability of the '237 patent)**

81.    Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios repeat and reallege the allegations of the preceding Counterclaim Paragraphs 43 through 70 as though fully set forth herein.

82.    Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of the '237 patent.

83.    One or more of the claims of the '237 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

84.    One or more of the claims of the '237 patent are unenforceable against Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios because of laches, equitable estoppel, implied license, waiver, unclean hands, and/or other applicable equitable defenses.

85.    One or more of the claims of the '237 patent are unenforceable against Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios because of the operation of an actual or implied contract between Counterclaim-Defendants and Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios, or an actual and/or implied contract between Counterclaim-Defendants and one or more third parties, of which Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios were intended beneficiaries.

86.    Counterclaim-Plaintiffs Cedar Fair LP, Paramount, Kings Island, Cedar Fair, Universal Development, and Universal Studios are entitled to a declaratory judgment that they have not infringed and are not infringing the '237 patent, that the '237 patent is invalid, and that the '237 patent is not enforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim-Plaintiffs respectfully pray for judgment:

A.    Dismissing the First Amended Complaint in its entirety, with prejudice;

B.    Declaring that Defendants/Counterclaim-Plaintiffs have not infringed and are not infringing the patents-in-suit;

C.    Declaring that one or more of the claims of the patents-in-suit are invalid, void, and/or unenforceable;

D.    Awarding Defendants/Counterclaim-Plaintiffs its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

E.     Granting such other and further relief as this Court may deem just and

proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

OF COUNSEL:

William F. Lee
James B. Lampert
Donald R. Steinberg
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

David B. Bassett
Amr O. Aly
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

August 23, 2007
1219462

*Attorneys for Defendants Six Flags Theme Parks*
*Inc., Tierco Maryland, Inc., Great America LLC,*
*KKI, LLC, Magic Mountain LLC, Park*
*Management Corp., Riverside Park Enterprises,*
*Inc., Six Flags Over Georgia II, L.P., Six Flags St.*
*Louis LLC, Texas Flags, Ltd., Astroworld L.P.,*
*Darien Lake Theme Park and Camping Resort, Inc.,*
*Elitch Gardens, L.P., Cedar Fair LP, Paramount*
*Parks, Inc., Knott's Berry Farm, Kings Island*
*Company, Cedar Fair, Universal City Development*
*Partners Ltd., and Universal City Studios LLLP*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Francis DiGiovanni
> Connolly Bove Lodge & Hutz LLP
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP

I further certify that I caused copies of the foregoing document to be served on August 23, 2007, upon the following in the manner indicated:

> **BY EMAIL AND HAND**
>
> Francis DiGiovanni
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19899
> fdigiovanni@cblh.com
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Wilmington, DE 19801
> rhorwitz@potteranderson.com

> /s/ *Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> rsmith@mnat.com