IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION, a Delaware )
corporation, MAGNETAR TECHNOLOGIES CORP., )
a Nevada corporation, and G&T CONVEYOR CO.,  a )
Florida corporation, )
 )
       Plaintiffs, )
 )
v. )   Civil Action No. 07-127-***
 )
SIX FLAGS THEME PARKS INC., a Delaware )
corporation, TIERCO MARYLAND, INC., a Delaware )
corporation, GREAT AMERICA LLC, an Illinois )
company, KKI, LLC, a Delaware company, MAGIC )
MOUNTAIN LLC, a California company, PARK )
MANAGEMENT CORP, a California corporation, )
RIVERSIDE PARK ENTERPRISES, INC., a Mass. )
Corp., SIX FLAGS OVER GEORGIA II, L.P., a )
Delaware partnership, SIX FLAGS ST. LOUIS LLC, a )
Missouri company, TEXAS FLAGS, LTD., a Texas )
partnership, ASTROWORLD, L.P., a Delaware )
partnership, DARIEN LAKE THEME PARK AND )
CAMPING RESORT, INC., a New York corporation, )
ELITCH GARDENS, L.P., a Colorado partnership, )
BUSCH ENTERTAINMENT CORP., a Delaware )
corporation, CEDAR FAIR LP, a Delaware limited )
partnership, PARAMOUNT PARKS, INC., a Delaware )
corporation, KNOTT'S BERRY FARM, a California )
partnership, KINGS ISLAND COMPANY, a Delaware )
corporation, CEDAR FAIR, an Ohio partnership, )
UNIVERSAL CITY DEVELOPMENT PARTNERS )
LTD., a Florida limited partnership, UNIVERSAL )
CITY STUDIOS LLLP, a Delaware partnership, )
 )
      Defendants. )
 )

## NOTICE OF SUBPOENA OF WALT DISNEY WORLD CO.

      PLEASE TAKE NOTICE that pursuant to Rule 45 of the Fed. R. Civ. P.,

defendants Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC,

Magic Mountain LLC, Park Management Corp., Riverside Park Enterprises, Inc., Six Flags Over

Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, Ltd., Astroworld, L.P., Darien Lake Theme

Park and Camping Resort, Inc., Elitch Gardens, L.P., Cedar Fair LP, Paramount Parks, Inc.,

Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners

Ltd., and Universal City Studios LLLP are serving the attached subpoena *duces tecum* on Walt

Disney World Co., 1375 E. Buena Vista Drive, 4th Fl. North, Lake Buena Vista, FL 32830.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants Six Flags*
*Theme Parks Inc., Tierco Maryland, Inc., Great*
*America LLC, KKI, LLC, Magic Mountain LLC,*
*Park Management Corp, Riverside Park*
*Enterprises, Inc., Six Flags Over Georgia II, L.P.,*
*Six Flags St. Louis LLC, Texas Flags, LTD.,*
*Astroworld, L.P., Darien Lake Theme Park and*
*Camping Resort, Inc., Elitch Gardens, L.P., Busch*
*Entertainment Corp., Cedar Fair LP, Paramount*
*Parks, Inc., Knott's Berry Farm, Kings Island*
*Company, Cedar Fair, Universal City Development*
*Partners LTD., Universal City Studios LLLP*

OF COUNSEL:

William F. Lee
James B. Lampert
Donald R. Steinberg
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

David B. Bassett
Amr O. Aly
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

September 11, 2007
1231230

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing(s) to the following counsel:

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP

In addition, the undersigned hereby certifies that on September 11, 2007, copies of the foregoing were caused to be served in the manner indicated upon the following:

### BY EMAIL AND HAND

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899
fdigiovanni@cblh.com

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com

*/s/ Rodger D. Smith II (#3778)*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

SAFETY BRAKING CORP., *et al.*
    Plaintiffs,

    v.

SIX FLAGS THEME PARKS INC., *et al.*
    Defendants.

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   Civil Action No. 07-127-***

TO:    Walt Disney World Co.
        1375 E. Buena Vista Drive, 4th Fl. North
        Lake Buena Vista, FL 32830
        Legal Department; Attn. Mrs. Mary Taylor

                                    Unites States District Court
                                      District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Please see Subpoena Duces Tecum and Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022 | October 10, 2007 at 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Amr O. Aly*  Attorney for Defendants Universal, Six Flags, and Cedar Fair. | September 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amr O. Aly, Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
(212) 937 7226

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

US1DOCS 6296006v2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | September 10, 2007 | Walt Disney World Co.<br>1375 E. Buena Vista Drive, 4th Fl. North<br>Lake Buena Vista, FL 32830<br>Legal Department; Attn. Mrs. Mary Taylor<br>Fax: (407) 828-5541 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mrs. Mary Taylor | Federal Express and Facsimile |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Amr O. Aly | ATToRneY |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    September 10, 2007
               DATE

SIGNATURE OF SERVER

Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue, New York, New York 10022
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

-2-

US1DOCS 6296006v2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION, a Delaware corporation,
MAGNETAR TECHNOLOGIES CORP., a Nevada corporation,
and G&T CONVEYOR CO., a Florida corporation,

    Plaintiffs,

    v.

SIX FLAGS THEME PARKS INC., a Delaware corporation,
TIERCO MARYLAND, INC., a Delaware corporation,
GREAT AMERICA LLC, an Illinois company,
KKI, LLC, a Delaware company,
MAGIC MOUNTAIN LLC, a California company,
PARK MANAGEMENT CORP., a California corporation,
RIVERSIDE PARK ENTERPRISES, INC., A Mass. corp.,
SIX FLAGS OVER GEORGIA II, L.P., a Delaware
partnership,
SIX FLAGS ST. LOUIS LLC, a Missouri company,
TEXAS FLAGS, LTD., a Texas partnership,
ASTROWORLD, L.P., a Delaware partnership,
DARIEN LAKE THEME PARK AND CAMPING RESORT,
INC., a New York corporation,
ELITCH GARDENS, L.P.; a Colorado partnership,
BUSCH ENTERTAINMENT CORP., a Delaware corporation,
CEDAR FAIR LP, a Delaware limited partnership,
PARAMOUNT PARKS, INC., a Delaware corporation,
KNOTT'S BERRY FARM, a California partnership,
KINGS ISLAND COMPANY, a Delaware corporation,
CEDAR FAIR, an Ohio partnership,
UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., a
Florida limited partnership,
UNIVERSAL CITY STUDIOS LLLP, a Delaware partnership,

    Defendants.

Civil Action No. 07-127-***

**JURY TRIAL  DEMANDED**

## SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, and pursuant to the attached Subpoena in a Civil Case, Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC, Magic Mountain LLC, Park Management Corp., Riverside Park Enterprises, Inc., Six Flags Over Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, Ltd., Astroworld, L.P., Darien Lake Theme Park And Camping Resort, Inc., Elitch Gardens, L.P., Cedar Fair LP, Paramount Parks, Inc., Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners Ltd., and Universal City Studios LLLP, through their undersigned counsel, hereby give notice that a subpoena *Duces Tecum* to Walt Disney World Co. is being served. A copy of the documents subject to this subpoena is attached to this notice. The requested documents and things are to be produced on October 10, 2007, at 9:00 a.m., at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022, or such other time and place as agreed by counsel.

Dated: September 10, 2007

By: _____
Amr O. Aly
Wilmer Cutler Pickering Hale and Dorr LLP
Attorney for Six Flags Theme Parks Inc., Tierco
Maryland, Inc., Great America LLC, KKI, LLC,
Magic Mountain LLC, Park Management Corp.,
Riverside Park Enterprises, Inc., Six Flags Over
Georgia II, L.P., Six Flags St. Louis LLC, Texas
Flags, Ltd., Astroworld, L.P., Darien Lake Theme
Park And Camping Resort, Inc., Elitch Gardens,
L.P., Cedar Fair LP, Paramount Parks, Inc., Knott's
Berry Farm, Kings Island Company, Cedar Fair,
Universal City Development Partners Ltd.,
Universal City Studios LLLP.

US1DOCS 6296006v2

## SCHEDULE A

### Instructions

1.     The document requests herein shall be deemed to include any and all documents and things within your actual or constructive possession, custody or control.

2.     The following requests are continuing and you are requested to supplement or correct them if you learn that in some material respect the information disclosed is incomplete or incorrect.

3.     If the production of any documents responsive to these requests is objected to on the ground of privilege or work product, or for any other reason, with respect to each such document state:

(a)     the date appearing on such document, or if no date appears, the date on which such document was prepared;

(b)     the name of each person to whom such document was addressed;

(c)     the name of each person, other than the addressee(s) identified in subparagraph (b) above, to whom such document or copy thereof was sent, or with whom such document was discussed;

(d)     the name of each person who signed such document or, if not signed, the name of each person who prepared it;

(e)     the name of each person making any contribution to the authorship of such document;

(f)     the job title or position of each person identified in subparagraph (b), (c), (d), and (e) above;

(g)     the date such document was received or discussed by each person identified in subparagraphs (b) or (c) above;

(h)     the general nature or description of such document, and its number of pages;

-3-

(i)     the name of each person who currently has custody of such document;
and

(j)     the specific ground(s) upon which the privilege or work product rests.

4.     If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall (1) state the objection or reason for such refusal, and (2) provide all documents and information called for by that portion of the request for production that you do not object to and/or which you do not refuse to respond as follows:

(a)     If you object to a document request on the ground that it is too broad (i.e., if you believe it calls for information, documents or things that are both (i) relevant to the claim or defense of any party and/or reasonably calculated to lead to the discovery of admissible evidence and (ii) not relevant to the claim or defense of any party and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence), you shall produce documents and things in response to that request by producing all documents and things that are relevant and/or reasonably calculated to the discovery of admissible evidence and identify all categories of documents being withheld on the ground of relevance;

(b)     If you object to a document request on the ground that to produce documents and things would constitute an undue burden, then you shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

(c)     If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth its understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

5.     In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

6.    If any of the documents requested herein are no longer in your possession, custody or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.  Please also identify the Person or Entity in whose possession, custody, or control the document was last known to reside.

7.    If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

8.    The documents produced in response to these Requests shall be organized and designated to correspond to the categories in these Requests or, if not, produced as they are maintained in the normal course of business, and in either case:

(a)    all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

(b)    all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

(c)    all photocopies shall be stapled or clipped as the originals; and

(d)    each page shall be given a discrete production number.

9.    Produce documents responsive to individual specifications as soon as possible and without waiting to produce documents responsive to other specifications whenever possible

10.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

11.    As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

12.    As used herein the present tense shall also include the past tense.

13.    "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.    "Each" shall be construed to include and encompass "all."

15.    As used herein, "including" means including without limitation.

16.    Any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as each case is most appropriate.

17.    Words and phrases are to be given their ordinary meaning consistent with Federal Rules of Civil Procedure and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

18.    None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.

19.    The parties have agreed that documents and information disclosed in this action will be subject to a Protective Order, which was entered by the U.S. District Court for the District of Delaware and is attached hereto as Exhibit 1. Pursuant to this Protective Order, non-parties will be allowed to restrict access to confidential documents and information.

### Definitions

The following definitions apply to the requests set forth below and to the instructions provided heretofore.

1.    "Communication" means any transmission of information by any means, including without limitation telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

2.    "Concern" or "concerning" means relating to, referring to, regarding, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing,

commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as the context makes appropriate.

3.     The terms "relate to," "relates to," "relating to" and "related to" means: constitute, refer, reflect, discuss, show, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

4.     "Document" and/or "thing" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitute or contain matters within the scope of Federal Rule of Civil Procedure 26(b).

5.     "Person" means any natural person, legal entity, governmental entity, or business entity, including without limitation any corporation, partnership, unincorporated association, joint venture, sole proprietorship, or any and/or all other organization or group of individuals together with the employees, agents, consultants and attorneys thereof.

6.     "Entity" or "entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments, including foreign national governments, the government of the U.S. or any state or local government, and all departments and agencies thereof, political subdivisions, groups, associations, or organizations.

7.     "Disney" means Walt Disney World Co. or its affiliated entities that own or operate amusement or theme parks.

8.     "Disney Rides" means any and all amusement rides ordered, purchased, installed, operated, or modified by Disney prior to October 29, 1992, in a Disney park or

elsewhere, including Big Thunder Mountain Railroad at Disneyland, Big Thunder Mountain

Railroad at Disney World, and Big Thunder Mountain at Disneyland Paris.

     9.     "Disney Transports" means any and all systems for transporting people, goods

or materials, including the WEDway PeopleMover at Disney World, the WEDway

PeopleMover at Houston International Airport, and all monorail and two-rail systems,

ordered, purchased installed, operated, or modified by Disney prior to October 29, 1992, in a

Disney park or installed elsewhere.

USIDOCS 6296006v2

## DOCUMENTS AND THINGS TO BE PRODUCED

## REQUESTS

### Request for Production No. 1

(a) Documents and things sufficient to show the structure and operation of any braking system, in which electromagnets or permanent magnets induce eddy currents or opposed magnetic forces to reduce the speed of a moving car or other vehicle, used in any Disney Ride or Disney Transport; (b) documents sufficient to show the date(s) on which such magnetic brakes or braking systems were ordered, purchased, installed, or modified; and (c) documents sufficient to show the date(s) on which such Disney Rides or Disney Transports were ordered, purchased, installed, or modified.

### Request for Production No. 2

(a) Documents and things sufficient to show the structure and operation of any apparatus or system, using an electromagnetic drive, including linear induction motors or linear synchronous motors, used in any Disney Ride or Disney Transport; (b) documents sufficient to show the date(s) on which such electromagnetic drive was ordered, purchased, installed, or modified, and (c) documents sufficient to show the date(s) on which such Disney Rides or Disney Transports were ordered, purchased, installed, or modified.

### Request for Production No. 3

Documents (a) showing the employment history, including consulting relationships, by Disney of Edward M. Pribonic, including the dates, titles and job responsibilities of positions held and relationships, and, for each position or relationship, the extent to which Disney permitted access and/or exposure to the structure and operation of Disney Rides and Disney Transports, or (b) otherwise referring to Edward M. Pribonic or to any communication with Edward M. Pribonic.

-9-

## Request for Production No. 4

(a) Documents and things prior to October 28, 1992 concerning magnetic brakes or linear induction motors, and (b) documents demonstrating the existence or commercial availability of magnetic brakes or linear induction motors before October 28, 1992.

## PROOF OF SERVICE

I, Amr Aly, hereby certify that I caused a true and correct copy of the foregoing

document to be served on the following counsel of record on this 10th day of September 2007:

### Via Federal Express and Facsimile:

Mr. Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141


_____
Amr Aly

-11-

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION,
MAGNETAR TECHNOLOGIES CORP.,
and G&T CONVEYOR CO.,

        Plaintiffs,

        v.

SIX FLAGS, INC., SIX FLAGS THEME
PARKS INC., SF PARTNERSHIP, TIERCO
MARYLAND, INC., BUSCH ENTERTAINMENT
CORP., CEDAR FAIR LP, PARAMOUNT
PARKS, INC., NBC UNIVERSAL, INC.,
UNIVERSAL STUDIOS, INC., and BLACKSTONE
GROUP L.P.,

        Defendants.

Civil Action No. 07-127-***

## STIPULATED ORDER GOVERNING THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their

counsel, that this stipulated Protective Order shall govern the handling of any information

produced or disclosed by any individual party named in the above captioned litigation or any

non-party ("the Producing Party") in connection with the above captioned litigation (hereinafter

"Litigation" or "Action"), including documents exchanged, things viewed, depositions,

deposition exhibits, interrogatory responses, responses to requests for admission, and pretrial and

trial testimony, and all copies, extracts, summaries, compilations, designations and portions of

any of the foregoing (such information shall hereinafter be referred to as "Discovery Material").

1.    <u>Confidential Information.</u>  Any Producing Party may designate any Discovery

Material as "Confidential" under the terms of this Protective Order if such Producing Party in

good faith believes that such Discovery Material contains "Confidential Information." The term

"Confidential Information" shall be interpreted to mean: trade secrets as defined under the applicable case law; other confidential, non-public, and proprietary technical, research or development information; commercial, financial, budgeting and/or accounting information; information about existing and potential customers, marketing studies, performance, and projections; business strategies, decisions, discussions, and/or negotiations; personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries and third parties; sales figures, customer lists, profit calculations, sales projections, production costs, marketing costs, overhead costs, marketing plans, business plans, non-public correspondence with government agencies and, as appropriate, research and development information, contracts and agreements with third parties, work with third party collaborators and licensees, and other similarly highly sensitive material. Any Producing Party may designate any Discovery Material as "Highly Confidential Outside Attorneys Eyes Only" if such Producing Party in good faith believes that such Discovery Material contains Highly Confidential Information. "Highly Confidential Outside Attorneys Eyes Only" means non-public information, documents, and data which constitute confidential business or technical information which is reasonably considered by the parties to be highly sensitive because it contains competitive business information such as trade secrets; present and potential future product design information; marketing or sales planning information, or cost, pricing, or other similar information; and financial, safety, maintenance or testing information. It is the intention of the parties to designate documents and information under this more restrictive level of confidentiality only where there would be a potential of competitive harm from disclosure of the documents or information to the other parties without such a designation. Information designated "Highly Confidential Outside Attorneys Eyes Only" may not be

disclosed to persons representing the Receiving Party who fall within the categories described in paragraph 4(b) of this Protective Order. In all other respects, Discovery Material designated "Highly Confidential Outside Attorneys Eyes Only" shall be treated the same as Discovery Material designated "Confidential" pursuant to this Protective Order.

    2.   <u>Use of Confidential Discovery Material</u>. Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, as well as all other Discovery Material, and information derived therefrom shall be used solely for purposes of this Action and shall not be used for any other action or purpose, including, without limitations, any business, proprietary, commercial or governmental purpose.

    3.   <u>Manner of Designating Materials</u>. The designation of Discovery Material as "Confidential" "or Highly Confidential Outside Attorneys Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Producing Party.

        (a)   In the case of documents, including any and all exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from transcripts or recordings of oral testimony from any deposition, pretrial or trial proceedings, which are subject to paragraph 3(b) below), by affixing the legend "Confidential – Civ. No. 07-127 (D. Del.)" or "Highly Confidential Outside Attorneys Eyes Only – Civ. No. 07-127 (D. Del.)" to all pages of any document containing any Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, respectively.

        (b)   In the case of video tapes, audio tapes, and electronic media such as computer disks or compact discs (CD), which contain or include Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, by affixing the required legend on the package thereof;

(c)    For deposition, pretrial or trial testimony, in one of the following manners:

(i)    At any deposition or pretrial or trial proceeding, counsel for the person providing testimony may designate the entire transcript "Confidential" "or Highly Confidential Outside Attorneys Eyes Only" at any time during the proceeding, including at the outset. In addition, upon any inquiry with regard to the content of a Discovery Material marked "Confidential" "or Highly Confidential Outside Attorneys Eyes Only," or when counsel for a person (party or nonparty) deems that the answer to a question may result in the disclosure of Confidential or Highly Confidential Outside Attorneys Eyes Only Information of his or her client within the meaning of this Protective Order, counsel for the person whose information is involved, at his or her option, may state on the record before or during the deposition or proceeding that such testimony shall be treated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material, respectively, and, in lieu of taking other steps available in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition or proceeding and be filed in a sealed envelope marked in the manner set forth in paragraph 8 hereof. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified within this Protective Order, and the information contained herein shall not be used for any purpose other than for purposes of this suit. Counsel for the person whose Confidential or Highly Confidential Outside Attorneys Eyes Only Information is involved may also request that all persons other than the reporter, the Court and its personnel, counsel and authorized individuals leave the deposition or proceeding room during the confidential portion of the deposition or proceeding. The failure of such other persons to comply with a request to leave the deposition or proceeding, unless the Court orders the

testimony to go forward, shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

(ii)    Within 21 days from the receipt of the transcript or recording of the deposition or proceeding, counsel of record may designate the testimony or portions thereof as Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material and give written notice to opposing counsel.

The parties shall treat all depositions and other pretrial and trial testimony as Highly Confidential Outside Attorneys Eyes Only Discovery Material until 21 days after receiving a copy of the transcript thereof. After 21 days, only those portions of any transcript designated in writing (or on the record at the deposition or proceeding) as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" shall be deemed Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material, respectively. Counsel for the party designating a transcript, recording or portions thereof "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" shall be responsible for notifying the court reporter and opposing counsel in writing of those portions of the transcript that are "Confidential." The parties may modify this procedure for any particular deposition or proceeding, through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(d)    In the case of documents and things being made available for inspection, at the request of counsel for the Producing Party, all documents and things produced for inspection during discovery shall initially be considered to contain wholly Confidential information, and shall be produced for inspection only to persons representing the Receiving Party who fall within the category described in paragraph 4(a) of this Protective Order. At the

5

initial (or any subsequent) inspection of the original documents and things, if requested by the Producing Party, the Receiving Party shall not make copies of the documents produced. Copies of documents and copies or photographs of things requested by the Receiving Party shall be made, Bates-numbered and delivered to the Receiving Party; such process shall be performed as promptly as reasonably practicable and shall not await the production or inspection of other documents or things. After the Receiving Party has designated documents or things for copying, and before copies are transmitted to the Receiving Party, counsel for the Producing Party shall designate and mark the documents and things, as appropriate, as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" in accordance with paragraph 3(a) of this Order. Except as provided below in this paragraph, documents and things not so designated shall be considered thereafter outside the provisions of this Protective Order. Failure to so designate and mark as provided above in this paragraph shall not preclude the Producing Party from thereafter in good faith making such a designation and requesting the Receiving Party to so mark and treat such documents and things so designated. After such designations, such documents and things shall be fully subject to this Protective Order. The Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designations.

(e)    A party may be considered to be a "Producing Party" of Discovery Material produced by non-parties pursuant to Federal Rule of Civil Procedure 45, including but not limited to deposition testimony and documents, where the party would otherwise be entitled and have standing to object to the production of said Discovery Materials under Rule 45. Any party making a designation of Discovery Materials under this subparagraph must give written notice to all other parties citing this subparagraph and specifically identifying the materials so designated.

4.    <u>Who May Access "Confidential" Information</u>.  Discovery Material designated "Confidential" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a)    Outside counsel of record in this case, together with secretaries, paralegals, document clerks, and other support staff reporting directly to them and who are necessary to assist counsel with the preparation or trial of this action;

(b)    For each party:

(i)    any counsel who is a member of the party's respective in-house legal staff.  Each party hereto represents that such in-house counsel has been (or will be prior to receiving Confidential Discovery Material) informed of the terms of this Protective Order and has agreed to be bound by its terms and conditions; and

(ii)    one (1) person with technical expertise who is employed by the party in the conduct of its business and who is necessary to assist counsel with the preparation or trial of this action.  Each party hereto represents that such person has been (or will be prior to receiving Confidential Discovery Material) informed of the terms of this Protective Order and has agreed to be bound by its terms and conditions. ;

(c)    For each party, consultants or experts specifically retained for this Action, together with their assistants, subject to and conditioned upon compliance with paragraphs 5 and 6 of this Order;

(d)    The Court and its staff, and those court reporters and necessary support personnel of such court reporters retained in connection with depositions, hearing, or trial testimony given or taken by any party in this action, to the extent necessary to transcribe the

testimony and identify exhibits marked in the course of the testimony subject to paragraph 8 of this Order;

(e)    Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this order; and

(f)    Such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

5.    <u>Experts and Consultants.</u>

(a)    Each independent expert and consultant referred to in 4(c) hereof to whom Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an undertaking agreeing to be bound by the terms of this Protective Order.

(b)    At least seven (7) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material to any expert or consultant, the Receiving Party shall deliver to the other Producing Party a copy of the Undertaking signed by the person to whom Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office addresses, (iii) present employer and job description, (iv) any relationship to the parties to this action, and (v) a brief job history for the past three years if the person's current employment has been for less than three years.

(c)    Any other party shall be entitled to object to such disclosure to the expert or consultant within seven (7) business days after service of the Undertaking by stating specifically in writing the reasons why that party believes such person should not receive Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material.

(d)    In the event of such an objection, no disclosure of Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or be made only under certain conditions, or to permit the objecting party and the disclosing party to agree in writing that disclosure be made only under certain circumstances.  The objecting party shall seek to have any such motion set for the earliest possible date before the Court, and such motion shall not be continued without the consent of all parties.  If no such motion is made in such time and manner, Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated.  If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential or Highly Confidential Outside Attorneys Eyes Only Information to persons as to whom no such objection has been made, nor shall it delay or defy any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

6.    Execution of Undertaking. Each person who, under sub-paragraph 4(c), receives, gains access to, or otherwise learns of any "Confidential" or "Highly Confidential Outside

Attorneys Eyes Only" Discovery Material, shall sign the Undertaking attached as Exhibit A hereto, confirming the Recipient's understanding and agreement to abide by the terms of this Protective Order. Counsel for the Receiving Party shall retain the original of the Undertaking.

7.     Witness Access to Confidential Information. Any person who is not a present or former employee of the Producing Party may be interviewed, subpoenaed or examined as a witness at a hearing, trial or a deposition concerning any "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material which that person had lawfully received or had personal access to prior to and apart from this Action, and such a person shall be presumed lawfully to have received or to have personal access to any information of a Producing Party that appears on its face or from other documents or testimony to have been received previously by that person or communicated to that person. During the deposition of a non-party witness (not including a former employee), the witness may be shown "Confidential" or Highly "Confidential Outside Attorneys Eyes Only" Discovery Material only subject to and conditioned upon compliance with the requirements of this Protective Order. Any current employee of a party may be shown any Discovery Material produced by that party. Any former employee of a party may be shown any Discovery Material prepared or received by that party while that person was employed by that party.

8.     Filings With The Court. Any filing with the Court containing Confidential or Highly Confidential Attorneys Eyes Only Discovery Material shall be marked "CONFIDENTIAL – FILED UNDER SEAL – PURSUANT TO PROTECTIVE ORDER." The filing shall be made under seal. Any Discovery Material designated as Confidential or Highly Confidential Outside Attorneys Eyes Only under this Order maintain their designation even when filed under seal with the Court or provided to the assigned Judge or the Magistrate Judge.

A version of such a filing wherein all Confidential Discovery Material has been redacted will be publicly filed with the Court (i.e., not filed under seal) consistent with the Electronic Filing Tips For Attorneys for the United States District Court for the District of Delaware dated 4/3/07.

    9.    <u>No Admission or Prejudice</u>.  Producing or receiving "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material under, or otherwise acting in accordance with the terms of this Protective Order, or failing to object thereto, shall not:

    (a)    operate as an admission by any party that any particular information does or does not comprise or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

    (b)    operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" information;

    (c)    prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason;

    (d)    prejudice or waive in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    (e)    prejudice or waive in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Protective Order;

    (f)    prejudice or waive in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

    (g)    prejudice or waive in any way any claim or defense in this Action;

(h)      prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(i)      operate as a consent to any discovery; or

(j)      prejudice or waive in any way the rights of any party to contest, under Paragraph 16 of this Order, the other party's designation of any material as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only."

10.      <u>Materials which are "Exempt"</u>. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials or information designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" obtained lawfully by such party independently of any proceeding in this Action, or which:

(a)      was already known to such Receiving Party by lawful means prior to acquisition from, or disclosure by, another party in this Action;

(b)      is or becomes publicly known through no fault or act of the Receiving Party; or

(c)      is rightfully obtained by the Receiving Party from a third party which has authority to provide such "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" information to the Receiving Party  without restriction as to disclosure by the Receiving Party.

11.      <u>Treatment of "Exempt" Materials</u>.  Notwithstanding the provisions of paragraph 10, where the Receiving Party in good faith believes one or more of the exceptions set forth in

paragraph 10 is applicable to Discovery Material produced by the Producing Party, the Receiving Party shall challenge said designation in accordance with paragraph 16 and shall treat the disputed Discovery Material "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" as designated by the Producing Party until the challenge is resolved.

12.    Joinder of Parties.  In the event additional parties join or are joined in this Action, they shall not have access to "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order which is satisfactory to all parties and the Court.

13.    Applicability to Third Parties.  The terms of this Stipulated Protective Order shall apply to any third party that produces Discovery Material that is designated by such third party as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only."   Nothing in this paragraph permits a party to designate as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" any Discovery Material produced in this litigation by a third party which that third party did not itself designate as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only," unless the third party has Confidential or Highly Confidential Outside Attorneys Eyes Only information of a party that the third party is legally obligated to maintain as confidential.

14.    Governance of Proceeding; Modification.  The provisions of this Protective Order shall govern discovery and all proceedings in this Action and any appeals therefrom. Each of the parties hereto is entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

15. <u>Termination</u>. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals therefrom. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material shall, at the option of the Receiving Party, either destroy or return to counsel for the Producing Party such information and all copies thereof (including summaries and excerpts), and shall provide written certification thereof to the Producing Party. Counsel shall make reasonable efforts to ensure that any Consultants it has retained abide by this provision. Counsel for the Receiving Party shall provide a certification in writing to counsel for the Producing Party that all "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material in its possession has been destroyed or returned pursuant to this paragraph. Outside counsel of record for the Receiving Party shall be entitled to retain papers submitted by any party to the Court, deposition and trial transcripts and exhibits, and attorney work product (including filings, transcripts, and attorney work product that contains Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose any such Discovery Material contained in such filings, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16. <u>Disputing a Designation</u>. If the Receiving Party disagrees with a "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" designation, it may notify the Producing

Party in writing of such disagreement, and both parties will thereupon confer in good faith as to the proper status of such Discovery Material. If the parties are unable to reach agreement within ten (10) business days, the Receiving Party may apply to the Court for a ruling concerning the status of such Discovery Material and, while such application and ruling are pending, the Receiving Party shall treat such Discovery Material as required under this Protective Order. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent attack on the propriety of such designation. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality.

17. <u>Other Proceedings / Subpoena or Legal Process</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. If any Receiving Party is (a) subpoenaed in another action, or (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" by someone other than the Receiving Party, the Receiving Party, upon determining that such Discovery Materials are called for, shall give actual written notice, at the earliest practicable time, by hand or facsimile transmission, of such subpoena, demand or legal process, to those who produced or designated the material "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" and shall object to its production to the extent permitted by law. Should the person seeking access to the "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce

such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order and shall use reasonable efforts to assist the Producing Party in objecting to production.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order issued under the circumstances of this paragraph requiring production of Confidential or Highly Confidential Outside Attorneys Eyes Only Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18.     Disclosure to Government Agency.     In the event that any Receiving Party is required to (or shall, pursuant to a statute or regulation) disclose Discovery Material which was produced or designated by another disclosing party as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" to a United States government agency, the Receiving Party shall (a) request from the government agency the highest form of confidentiality treatment for the Discovery Material allowed by the agency's rules and regulations, and (b) prior to the submission to the agency, unless otherwise prohibited by law, provide to the Producing Party a copy of the submission which will contain the Discovery Material or information derived therefrom or, if the submission to the agency will not be in written form, a detailed summary of the submission.

19.     Rendering Legal Advice.     Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" Discovery Material under the terms of paragraph 4 of this Protective Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such Discovery Material.  In rendering such

advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any such Discovery Material of another person or party, whether specifically, generally, inferentially, in summary or otherwise, where such disclosure would not otherwise be permitted under the terms of this Protective Order.

20.     Prosecution Bar.  Any individual outside counsel or other person who receives Highly Confidential Outside Attorneys Eyes Only information of a technical nature shall not participate in the prosecution (including interferences, re-examinations, and re-issues) of any patent or patent application directed to or having claims covering amusement or theme parks (including rides, themes and operations) from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

21.     Inadvertent Production.   The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof or the confidential nature of any such information, as to the inadvertently produced document and as to any related material.  The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the Producing Party that privileged or confidential information and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within five (5) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose until further Order of the

Court. All copies of the documents in electronic format must also be returned, or destroyed. If the Receiving Party contests the privilege, confidentiality or work-product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The Receiving Party shall, within twenty (20) business days from the initial notice by the Producing Party, move the Court for an Order compelling the production of the material. If no such motion is filed, upon expiration of the twenty (20) day period then all copies of the disputed document shall be returned or destroyed in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

22.    <u>Adequate Location of Materials</u>. All Discovery Material containing Confidential Information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

23.    <u>Right to Seek Further Relief</u>. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter

designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

RESPECTFULLY SUBMITTED, this 27 day of July, 2007.

Consented to:

| | |
|---|---|
| /s/ Francis DiGiovanni | /s/ Rodger D. Smith II |
| Francis DiGiovanni (#3189) | Jack B. Blumenfeld (#1014) |
| Geoffrey A. Zelley (#4939) | Rodger D. Smith II (#3778) |
| CONNOLLY BOVE LODGE & HUTZ LLP | Morris, Nichols, Arsht & Tunnell, LLP |
| The Nemours Building | 1201 N. Market Street |
| 1007 North Orange Street | P.O. Box 1347 |
| P.O. Box 2207 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 658-9200 |
| (302) 658-9141 | jblumenfeld@mnat.com |
| fdigiovanni@cblh.com | rsmith@mnat.com |
| gzelley@cblh.com | |

Of counsel:                                  Of counsel:

| | |
|---|---|
| Scott R. Miller | Amr O. Aly |
| CONNOLLY BOVE LODGE & HUTZ LLP | WilmerHale |
| 355 S. Grand Ave. | 399 Park Avenue |
| Suite 3150 | New York, NY 10022 |
| Los Angeles, CA 90071 | (212) 230-8800 |
| (213) 787-2500 | amr.aly@wilmerhale.com |

*Attorneys for Plaintiffs*             *Attorneys for Defendants Six Flags, Inc., Six*
*Flags Theme Parks Inc., SF Partnership,*
*Tierco Maryland, Inc., Cedar Fair LP,*
*Paramount Parks, Inc., NBC Universal, Inc.,*
*Universal Studios, Inc., and Blackstone*
*Group L.P.*

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com

Paul V. Storm
Terrell R. Miller
Storm LLP
Bank of America Plaza
901 Main Street, Suite 7100
Dallas, TX 75202
paulstorm@alliplaw.com
terrellmiller@alliplaw.com

*Attorneys for Defendant Busch
Entertainment Corp.*


WHEREFORE, the Court having reviewed the foregoing submitted stipulated Protective Order,

It is hereby ORDERED, this _30_ day of _July_, 2007, that information produced or disclosed by any party or non-party in connection with this civil action shall be governed by this Order.

_____
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION,
MAGNETAR TECHNOLOGIES CORP.,
and G&T CONVEYOR CO.,

      Plaintiffs,

      v.

SIX FLAGS, INC., SIX FLAGS THEME
PARKS INC., SF PARTNERSHIP, TIERCO
MARYLAND, INC., BUSCH ENTERTAINMENT
CORP., CEDAR FAIR LP, PARAMOUNT
PARKS, INC., NBC UNIVERSAL, INC.,
UNIVERSAL STUDIOS, INC., and BLACKSTONE
GROUP L.P.,

      Defendants.

Civil Action No. 07-127-***

### UNDERTAKING

I, _____ , state that:

1.    My address is _____

2.    My present employer is _____ , and the address of
my present employer is _____ .

3.    My present occupation or job title is _____ .

4.    I have received a copy of the Stipulated Order Governing The Protection And Exchange
Of Confidential Material (the "Protective Order") entered in this case.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.     I submit myself to the jurisdiction of the Court in this Action for purposes of enforcement of the Protective Order, and fully understand that violation of the Protective Order is punishable to the full extent permitted by the Court.

8.     I will hold in confidence, and will not disclose to anyone not qualified under the Confidentiality Order, any Discovery Material designated as "Confidential" or "Highly Confidential Outside Attorneys Eyes Only" (collectively "Confidential Discovery Material") or any words, substances, summaries, abstracts or indices of Confidential Discovery Material disclosed to me, and I shall use Confidential Discovery Material only for purposes of this Action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

9.     Promptly following the conclusion of my services in or involvement with this Action, or at the request of the party which employed or retained me, I will return all Confidential Discovery Material or any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10.     I declare under penalty of perjury that the foregoing is true and correct.


Executed this  _30_  day of _Auf_____, 200_7_.


_____
Signature


554871