IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY BRAKING CORPORATION, a Delaware corporation, MAGNETAR TECHNOLOGIES CORP., a Nevada corporation, and G&T CONVEYOR CO., a Florida corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SIX FLAGS THEME PARKS INC., a Delaware corporation, TIERCO MARYLAND, INC., a Delaware corporation, GREAT AMERICA LLC, an Illinois company, KKI, LLC, a Delaware company, MAGIC MOUNTAIN LLC, a California company, PARK MANAGEMENT CORP, a California corporation, RIVERSIDE PARK ENTERPRISES, INC., a Mass. Corp., SIX FLAGS OVER GEORGIA II, L.P., a Delaware partnership, SIX FLAGS ST. LOUIS LLC, a Missouri company, TEXAS FLAGS, LTD., a Texas partnership, ASTROWORLD, L.P., a Delaware partnership, DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., a New York corporation, ELITCH GARDENS, L.P., a Colorado partnership, BUSCH ENTERTAINMENT CORP., a Delaware corporation, CEDAR FAIR LP, a Delaware limited partnership, PARAMOUNT PARKS, INC., a Delaware corporation, KNOTT'S BERRY FARM, a California partnership, KINGS ISLAND COMPANY, a Delaware corporation, CEDAR FAIR, an Ohio partnership, UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., a Florida limited partnership, UNIVERSAL CITY STUDIOS LLLP, a Delaware partnership, <br><br> Defendants. | Civil Action No. 07-127-*** |

**NOTICE OF SUBPOENAS OF EDWARD PRIBONIC AND DAVID WHITE**

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Fed. R. Civ. P.,

defendants Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC,

Magic Mountain LLC, Park Management Corp., Riverside Park Enterprises, Inc., Six Flags Over

Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, Ltd., Astroworld, L.P., Darien Lake Theme Park and Camping Resort, Inc., Elitch Gardens, L.P., Cedar Fair LP, Paramount Parks, Inc., Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners Ltd., and Universal City Studios LLLP has served the attached subpoenas on Mr. Edward Pribonic and Mr. David White.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Rodger D. Smith II*
        _____
        Jack B. Blumenfeld (#1014)
        Rodger D. Smith II (#3778)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
        rsmith@mnat.com

        *Attorneys for Defendants Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC, Magic Mountain LLC, Park Management Corp, Riverside Park Enterprises, Inc., Six Flags Over Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, LTD., Astroworld, L.P., Darien Lake Theme Park and Camping Resort, Inc., Elitch Gardens, L.P., Busch Entertainment Corp., Cedar Fair LP, Paramount Parks, Inc., Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners LTD., Universal City Studios LLLP*

OF COUNSEL:

William F. Lee
James B. Lampert
Donald R. Steinberg
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

- 3 -

David B. Bassett
Amr O. Aly
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

September 21, 2007
1231230

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 21, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing(s) to the following counsel:

>Francis DiGiovanni
>CONNOLLY BOVE LODGE & HUTZ LLP
>
>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP

In addition, the undersigned hereby certifies that on September 21, 2007, copies of the foregoing were caused to be served in the manner indicated upon the following:

### BY EMAIL AND HAND

>Francis DiGiovanni
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19899
>fdigiovanni@cblh.com
>
>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE  19801
>rhorwitz@potteranderson.com

>*/s/ Rodger D. Smith II*
>_____
>Rodger D. Smith II (#3778)
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899-1347
>(302) 658-9200
>rsmith@mnat.com

# TAB 1

Case 1:07-cv-00127-JJF   Document 67-2   Filed 09/21/2007   Page 1 of 12

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

SAFETY BRAKING CORP., *et al.*
    Plaintiffs,
        v.
SIX FLAGS THEME PARKS INC., *et al.*
    Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  Civil Action No. 07-127-***

TO:    David White
        Attn: Mr. Francis DiGiovanni
        Connolly Bove Lodge & Hutz LLP
        The Nemours Building, 1007 North Orange Street
        Wilmington, DE 19899

Unites States District Court
District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022 | October 25, 2007 at 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Attorney for Defendants Universal, Six Flags, and Cedar Fair. | September 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amr O. Aly, Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
(212) 937 7226

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | September 21, 2007 | Connolly Bove Lodge & Hutz LLP<br>The Nemours Building, 1007 North Orange Street<br>Wilmington, DE 19899<br>Fax: (302) 658-5614 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mr. Francis DiGiovanni | Federal Express and Facsimile |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Amr O. Aly | ATTORNEY |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _September 21, 2007_
             DATE

_[signature]_
SIGNATURE OF SERVER

Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue, New York, New York 10022
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

- 2 -

US1DOCS 6372014v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY BRAKING CORPORATION, a Delaware corporation, MAGNETAR TECHNOLOGIES CORP., a Nevada corporation, and G&T CONVEYOR CO., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS THEME PARKS INC., a Delaware corporation, TIERCO MARYLAND, INC., a Delaware corporation, GREAT AMERICA LLC, an Illinois company, KKI, LLC, a Delaware company, MAGIC MOUNTAIN LLC, a California company, PARK MANAGEMENT CORP., a California corporation, RIVERSIDE PARK ENTERPRISES, INC., A Mass. corp., SIX FLAGS OVER GEORGIA II, L.P., a Delaware partnership, SIX FLAGS ST. LOUIS LLC, a Missouri company, TEXAS FLAGS, LTD., a Texas partnership, ASTROWORLD, L.P., a Delaware partnership, DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., a New York corporation, ELITCH GARDENS, L.P., a Colorado partnership, BUSCH ENTERTAINMENT CORP., a Delaware corporation, CEDAR FAIR LP, a Delaware limited partnership, PARAMOUNT PARKS, INC., a Delaware corporation, KNOTT'S BERRY FARM, a California partnership, KINGS ISLAND COMPANY, a Delaware corporation, CEDAR FAIR, an Ohio partnership, UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., a Florida limited partnership, UNIVERSAL CITY STUDIOS LLLP, a Delaware partnership,<br><br>Defendants. | Civil Action No. 07-127-***<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF DEPOSITION OF DAVID WHITE

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, Defendants shall take the deposition upon oral examination of Mr. David White at the offices of Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, NY 10022 on October 25, 2007 at 9:30 a.m., or such other date and time as may be agreed upon by the parties. The

-2-

deposition shall continue from day to day until completed. The deposition will be recorded by a certified stenographic court reporter authorized to administer oaths and will be videotaped. You are invited to attend and cross-examine.

Dated: September 21, 2007

By: /s/ Amr O. Aly
Amr O. Aly
Wilmer Cutler Pickering Hale and Dorr LLP
Attorney for Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC, Magic Mountain LLC, Park Management Corp., Riverside Park Enterprises, Inc., Six Flags Over Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, Ltd., Astroworld, L.P., Darien Lake Theme Park And Camping Resort, Inc., Elitch Gardens, L.P., Cedar Fair LP, Paramount Parks, Inc., Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners Ltd., Universal City Studios LLLP.

## PROOF OF SERVICE

I, Amr Aly, hereby certify that I caused a true and correct copy of the foregoing document to be served on the following counsel of record on this 21st day of September 2007:

**Via Federal Express and Facsimile:**

Mr. Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141

Mr. Paul V. Storm
STORM LLP
Bank of America Plaza
901 Main Street, Suite 7100
Dallas, TX 75202
(214) 347-4799

_____
Amr Aly

# TAB 2

Case 1:07-cv-00127-JJF    Document 67-2    Filed 09/21/2007    Page 7 of 12

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

SAFETY BRAKING CORP., *et al.*
    Plaintiffs,
        v.
SIX FLAGS THEME PARKS INC., *et al.*
    Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  Civil Action No. 07-127-***

TO:    Edward Pribonic
        Attn: Mr. Francis DiGiovanni
        Connolly Bove Lodge & Hutz LLP
        The Nemours Building, 1007 North Orange Street
        Wilmington, DE 19899

Unites States District Court
District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022 | October 24, 2007 at 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Attorney for Defendants Universal, Six Flags, and Cedar Fair. | September 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amr O. Aly, Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
(212) 937 7226

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

US1DOCS 6371942v1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | September 21, 2007 | Connolly Bove Lodge & Hutz LLP<br>The Nemours Building, 1007 North Orange Street<br>Wilmington, DE 19899<br>Fax: (302) 658-5614 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mr. Francis DiGiovanni | Federal Express and Facsimile |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Amr O. Aly | ATTORNEY |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___September 21, 2007___
DATE

_____[signature]_____
SIGNATURE OF SERVER

Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue, New York, New York 10022
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORPORATION, a Delaware corporation,
MAGNETAR TECHNOLOGIES CORP., a Nevada corporation,
and G&T CONVEYOR CO., a Florida corporation,

    Plaintiffs,

    v.

SIX FLAGS THEME PARKS INC., a Delaware corporation,
TIERCO MARYLAND, INC., a Delaware corporation,
GREAT AMERICA LLC, an Illinois company,
KKI, LLC, a Delaware company,
MAGIC MOUNTAIN LLC, a California company,
PARK MANAGEMENT CORP., a California corporation,
RIVERSIDE PARK ENTERPRISES, INC., A Mass. corp.,
SIX FLAGS OVER GEORGIA II, L.P., a Delaware partnership,
SIX FLAGS ST. LOUIS LLC, a Missouri company,
TEXAS FLAGS, LTD., a Texas partnership,
ASTROWORLD, L.P., a Delaware partnership,
DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., a New York corporation,
ELITCH GARDENS, L.P., a Colorado partnership,
BUSCH ENTERTAINMENT CORP., a Delaware corporation,
CEDAR FAIR LP, a Delaware limited partnership,
PARAMOUNT PARKS, INC., a Delaware corporation,
KNOTT'S BERRY FARM, a California partnership,
KINGS ISLAND COMPANY, a Delaware corporation,
CEDAR FAIR, an Ohio partnership,
UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., a Florida limited partnership,
UNIVERSAL CITY STUDIOS LLLP, a Delaware partnership,

    Defendants.

Civil Action No. 07-127-***

**JURY TRIAL DEMANDED**

## NOTICE OF DEPOSITION OF EDWARD PRIBONIC

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, Defendants shall take the deposition upon oral examination of Mr. Edward Pribonic at the offices of Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, NY 10022 on October 24, 2007 at 9:30 a.m., or such other date and time as may be agreed upon by the parties.

US1DOCS 6371942v1

-2-

The deposition shall continue from day to day until completed. The deposition will be recorded by a certified stenographic court reporter authorized to administer oaths and will be videotaped. You are invited to attend and cross-examine.

Dated: September 21, 2007

By: _____
Amr O. Aly
Wilmer Cutler Pickering Hale and Dorr LLP
Attorney for Six Flags Theme Parks Inc., Tierco Maryland, Inc., Great America LLC, KKI, LLC, Magic Mountain LLC, Park Management Corp., Riverside Park Enterprises, Inc., Six Flags Over Georgia II, L.P., Six Flags St. Louis LLC, Texas Flags, Ltd., Astroworld, L.P., Darien Lake Theme Park And Camping Resort, Inc., Elitch Gardens, L.P., Cedar Fair LP, Paramount Parks, Inc., Knott's Berry Farm, Kings Island Company, Cedar Fair, Universal City Development Partners Ltd., Universal City Studios LLLP.

## PROOF OF SERVICE

I, Amr Aly, hereby certify that I caused a true and correct copy of the foregoing document to be served on the following counsel of record on this 21st day of September 2007:

**Via Federal Express and Facsimile:**

Mr. Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141

Mr. Paul V. Storm
STORM LLP
Bank of America Plaza
901 Main Street, Suite 7100
Dallas, TX 75202
(214) 347-4799

_____
Amr Aly