IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAFETY BRAKING CORP.,  :
MAGNETAR TECHNOLOGIES CORP.,  :
and G&T CONVEYOR CO.,  :
 :
        Plaintiffs,  :
 :
    v.  :  C.A. No. 07-127-JJF
 :
SIX FLAGS THEME PARKS INC.,  :
et al.,  :
 :
        Defendants.  :

Scott R. Miller, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Los Angeles, CA.
Francis DiGiovanni, Esquire and Geoffrey A. Zelley, Esquire of CONNOLLY, BOVE, LODGE & HUTZ LLP, Wilmington, DE.

Attorneys for Plaintiffs.

Ted S. Ward, Esquire of BERKE, KENT & WARD LLP, Los Angeles, CA.
Jack B. Blumenfeld, Esquire and Rodger D. Smith II, Esquire, of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

Attorneys for Defendants.

**MEMORANDUM OPINION**

June 9, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Defendants' Motion To Transfer This Action Pursuant To 28 U.S.C. § 1404(A) To The Central District Of California. (D.I. 100.) For the reasons discussed, the Motion will be denied.

I.    **PROCEDURAL BACKGROUND**

On March 1, 2007, Plaintiffs, Safety Braking Corp. ("Safety Braking"), Magnetar Technologies Corp. ("Magnetar"), and G&T Conveyor Co. ("G&T") initiated this action, alleging that Defendants, who operate amusement parks, infringed two patents relating to magnetic braking systems. (D.I. 1.) Plaintiffs voluntarily dismissed Defendants The Walt Disney Co. and Walt Disney Parks and Resorts LLC on April 5, 2007. (D.I. 24.) Plaintiffs also dismissed Defendants Universal City Development Partners Ltd. and Universal City Studios LLLP on December 9, 2007. (D.I. 74.) On July 1, 2008, Plaintiff Safety Braking filed a Stipulation and Order of Dismissal of Safety Braking Corporation (D.I. 86), thus ending its participation in the present action. On October 28, 2008, Defendants brought the instant Motion seeking transfer of this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). (D.I. 100.)

1

## II.  FACTUAL BACKGROUND

Plaintiff G&T is a Florida corporation and the assignee of United States Patent No. 5,277,125 ("the '125 patent"). (D.I. 1 ¶¶ 5, 19.) Plaintiff Magnetar is a Nevada corporation that "received an exclusive license under the '125 patent from G&T for certain fields of use." (D.I. 1 ¶ 19.) Magnetar is also the assignee of United States Patent No. 6,659,237 ("the '237 patent"). (D.I. 1 ¶ 22.) Plaintiffs are involved in the business of producing magnetic braking systems.

Defendants are operators of or own interests in amusement parks in various locations. The Defendants fall into one of three general groups. The first group consists solely of Busch Entertainment Corp. ("Busch"), a Delaware corporation headquartered in Missouri that owns and operates amusement parks in several states. (D.I. 56 ¶ 19; D.I. 57 ¶ 19.) The second group consists of Six Flags Theme Parks Inc., a Delaware corporation that indirectly owns or operates amusement parks in several states, and twelve subsidiaries (collectively, the "Six Flags Defendants"). (D.I. 56 ¶¶ 6-18; D.I. 58 ¶¶ 6-18.) The third group consists of Cedar Fair LP, a Delaware limited partnership headquartered in Ohio that owns amusement parks in several states, and four subsidiaries and/or related entities (collectively, the "Cedar Fair Defendants"). (D.I. 56 ¶¶ 20-24; D.I. 58 ¶¶ 20-24.)

In support of its Motion To Transfer, Defendants contend, first, that because neither Magnetar nor G&T is a Delaware citizen and because none of the alleged wrongful conduct occurred in Delaware, transfer of the present action should not be considered particularly inconvenient. (D.I. 102 at 5-6.) Second, Defendants contend that related cases involving magnetic braking technology have been consolidated and are presently pending in the Central District of California. (D.I. 102 at 1.) Because that litigation "involves the principal parties to the instant litigation," (id.), and "involve[s] the same technology" as the present action, (id. at 7.), Defendants argue that transfer would serve judicial economy. Third, Defendants contend that because Safety Braking filed a recent action against Magnetar in a California state court, and Magnetar allegedly agreed to California's jurisdiction in that action, Plaintiffs would not be inconvenienced by a transfer of the present action to California. (Id. at 9.) Finally, Defendants argue that Plaintiffs' claims did not arise in Delaware because none of the amusement parks at which the alleged patent infringement occurred is located in Delaware. (Id. at 10.)

Plaintiffs respond that Defendants have failed to show that this lawsuit could have originally been properly brought in the Central District of California, as required for transfer pursuant to 28 U.S.C. § 1404. (D.I. 106 at 1.) Specifically, Plaintiffs

contend that a number of Defendants could not have been sued in the Central District of California and that these same Defendants have already admitted that Delaware is a proper venue. (Id. at 6-7.) This being so, Plaintiffs argue, a transfer of the present action would not comply with § 1404(a). Plaintiffs further argue that even if Defendants could show that the present action could have been brought in the Central District of California, Defendants' motion to transfer is not supported by the public and private interest factors articulated in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995), which guide the Court in deciding transfer motions.

### III. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara.[1] With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the

---

[1] The Court includes the Jumara factors here for the sake of completeness. However, the Court does not reach an analysis of these factors because the Court concludes that transfer is not warranted simply because the present action could not originally have been brought in the Central District of California, as required for transfer pursuant to 28 U.S.C. § 1404.

4

defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879.  With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80.  The movant bears the burden of establishing the need for transfer. Id. at 879.  "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.' " Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F. Supp. 270, 272 (S.D. Ill. 1969)).

## IV. DISCUSSION

While jurisdiction may exist against a handful of Defendants in the Central District of California, it appears that venue and/or jurisdiction in the Central District of California is, in fact, improper as to the vast majority of Defendants.

5

Accordingly, this action could not have been brought in the Central District of California. The Court will consider each group of Defendants in turn: Busch, Six Flags, and Cedar Fair.

First, Defendant Busch is a Delaware corporation, headquartered in St. Louis, with parks in Virginia, Texas, and Florida. (D.I. 106 at 6.) The parties have submitted no evidence suggesting that Busch has any ties to California. However, Defendants have asserted in their Reply Brief in Support of their Motion To Transfer - without citation to any evidence - that Busch owns and operates SeaWorld San Diego, which is in the Southern District of California, not the Central District of California. (D.I. 113 at 2.) Defendants further assert - again without citation to any evidence - that Busch advertises SeaWorld San Diego throughout the Central District of California. (Id.) Though the Court takes notice that Busch does, in fact, own and operate SeaWorld San Diego in the Southern District of California, Defendants have not provided any evidence suggesting that Busch could be properly sued in the Central District of California.[2]

---

[2] There is some uncertainty as to precisely where Busch owns and operates amusement parks. In its Answer, Busch admitted Plaintiffs' allegation that Busch owns and operates parks in Florida, Virginia, and Pennsylvania. (See D.I. 56 ¶ 19; D.I. 57 ¶ 19.) However, according to Plaintiffs' Brief in Opposition to Defendants' Motion to Transfer, Busch identified its parks as being located in Florida, Virginia, and Texas. (D.I. 106 at 6.) Regardless, as explained above, the Court is not able to conclude that venue in the Central District of California would be proper

6

Second, with respect to the thirteen Six Flags Defendants, twelve have their principal place of business someplace other than the Central District of California, and eleven are incorporated or organized under the laws of states other than California:

- The parent company, Six Flags Theme Parks, Inc., is a Delaware corporation. (D.I. 58 ¶¶ 6.)
- Tierco is a Delaware corporation headquartered in Maryland that operates a Maryland theme park. (Id. ¶ 7.)
- Great America is "a company organized under the laws of the State of Illinois" that owns and operates an Illinois theme park. (Id. ¶ 8.)
- KKI is "a company organized under the laws of the State of Delaware" that owns and operates a Kentucky theme park. (Id. ¶ 9.)
- Riverside is a Massachusetts corporation that owns and operates a Massachusetts theme park. (Id. ¶ 12.)
- Six Flags Georgia is a Delaware limited partnership that owns and operates a Georgia theme park. (Id. ¶ 13.)
- Six Flags St. Louis is organized under the laws of the State of Missouri and owns and operates a theme park in St. Louis, Missouri. (Id. ¶ 14.)
- Texas Flags is a Texas limited partnership that owns and operates a theme park in Texas. (Id. ¶ 15.)
- Astroworld is organized under Delaware law and owns and operates a theme park near Houston, Texas. (Id. ¶ 16.)
- Darien Lake is a New York corporation that owns and operates a New York theme park. (Id. ¶ 17.)
- Elitch Gardens is a Colorado corporation that owns and operates a Colorado theme park. (Id. ¶ 18.)

---

as to Busch.

7

- Only Magic Mountain and Park Management are organized under the laws of California.  Magic Mountain owns and operates Six Flags Magic Mountain, which is in the Central District of California.  Park Management owns and operates Six Flags Discovery Kingdom, which is in the Eastern District of California.  (Id. ¶¶ 10-11.)

Except for Magic Mountain and Park Management, Defendants have not alleged any manner in which the remaining eleven Six Flags Defendants may be connected to California (e.g., through the ownership and/or operation of a California theme park). Accordingly, as to the majority of the Six Flags defendants, the Court cannot conclude that jurisdiction would be proper in the Central District of California.

Finally, as to the five Cedar Fair Defendants, only two are alleged to do any business in the Central District of California, and only one is organized under California law:

- Paramount is a Delaware corporation that owns and operates amusement parks in the United States, "including Kings Dominion in Doswell, Virginia; Great America in Santa Clara, California; and Carowinds in Charlotte, North Carolina."  (Id. ¶ 21.)
- Knott's is "a general partnership organized under the laws of the State of California" that owns Knott's Berry Farm in Buena Park, California. (Id. ¶ 22, 24.)
- Kings Island is a Delaware corporation that owns and operates a theme park near Cincinnati, Ohio. (Id. ¶ 23.)
- CF is organized under the laws of the State of Ohio and operates amusement parks in various locations including "Knott's Berry Farm in Buena Park, California."  (Id. ¶ 24.)

8

- Cedar Fair is a Delaware limited partnership that owns amusement parks in Ohio, Minnesota, and Missouri. (Id. ¶ 20.)

Thus, of the Cedar Fair Defendants, only Knott's, as owner of Knott's Berry Farm, and CF, as operator of the same, do any business in the Central District of California,[3] and the Court is unable to conclude that the remaining Cedar Fair Defendants are subject to jurisdiction in the Central District of California.

In sum, based on the parties' submissions as discussed above, the Court is unable to conclude that sixteen of the nineteen Defendants could have initially been sued in the Central District of California.[4] Transfer of venue is proper only if the plaintiff had an unqualified right to bring the action in the transferee forum at the time the action was commenced. Shutte, 431 F.2d at 24. "If there is a 'real question' whether the plaintiff could have commenced the action originally in the transferee forum," then transfer is not appropriate. Id. (quoting Leyden v. Excello Corp., 188 F. Supp. 396 (D.N.J. 1960)). In the Court's view, given the absence of evidence

---

[3] Great America is located in Santa Clara, California, which is in the Northern District of California.

[4] Defendants assert that "Plaintiffs admit that jurisdiction and venue would have been appropriate as to [all] the Six Flags Defendants and [all] the Cedar Fair Defendants, given that accused rides are present in the Central District of California." (D.I. 113 at 1.) No evidence is cited to support this contention, and the record does not establish that Plaintiffs have conceded jurisdiction and venue in the Central District of California.

9

tending to establish that sixteen of nineteen Defendants could be subject to suit in the Central District of California, there is a "real question" as to whether this action could originally have been brought there.  Id.  Accordingly, the Court will not transfer this action to the Central District of California.

V.   **CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' Motion To Transfer.

An appropriate Order will be entered.