IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGNETAR TECHNOLOGIES CORP. and G&T CONVEYOR CO., | : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | CIVIL ACTION NO. 07-127-LPS |
| SIX FLAGS THEME PARKS INC., TIERCO MARYLAND, INC., GREAT AMERICA LLC, KKI, LLC, MAGIC MOUNTAIN LLC, PARK MANAGEMENT CORP., RIVERSIDE PARK ENTERPRISES, INC., SIX FLAGS OVER GEORGIA II, L.P., SIX FLAGS ST. LOUIS, LLC, TEXAS FLAGS, LTD, ASTROWORLD, L.P., DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., ELITCH GARDENS, L.P., BUSCH ENTERTAINMENT CORP., CEDAR FAIR LP, PARAMOUNT PARKS INC., KNOTT'S BERRY FARM, KINGS ISLAND COMPANY, and CEDAR FAIR, | : : : : : : : : : : : : : : : : : : : : | |
| Defendants, | : | |

Raymond P. Niro, Esquire; Joseph H. Hosteny, Esquire and Patrick F. Solon, Esquire of NIRO, SCAVONE, HALLER & NIRO, Chicago Illinois.
Steven J. Balick, Esquire; John G. Day, Esquire and Tiffany Geyer Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Plaintiffs.

Ted S. Ward, Esquire of BERKE, KENT, & WARD LLP, Los Angeles California.
Sean T. O'Kelly, Esquire of CROSS & SIMON, Wilmington, Delaware.

Attorneys for Defendants, Busch Entertainment Corp.; Cedar Fair L.P.; Paramount Parks, Inc.; Kings Island Company; and Cedar Fair.

**MEMORANDUM OPINION**

February 18, 2011
Wilmington, Delaware

**Stark, District Judge:**

Pending before the Court is a Motion For Leave To Amend Answer To Add A Counterclaim (D.I. 152), filed by Defendants Busch Entertainment Corp., Cedar Fair L.P., Paramount Parks, Inc., Knotts Berry Farm, Kings Island Company, and Cedar Fair (collectively, "Defendants"). For the reasons discussed, the Court will deny the Motion.

## I. PARTIES' CONTENTIONS

Plaintiffs filed this action against Defendants alleging infringement of U.S. Patent Nos. 5,277,125 (the "'125 patent") and 6,659,237 (the "'237 patent") (collectively, "the patents-in-suit"), both of which pertain to magnetic braking systems for rail cars, in particular, rail cars used on roller coasters. By their Motion, Defendants seek leave to amend their Answer to add a counterclaim against Plaintiffs for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. In support of their Motion, Defendants contend that the proposed amendments will not prejudice Plaintiffs, because the facts underlying the proposed antitrust counterclaim have long been known to Plaintiffs and are an integral part of the invalidity defenses and counterclaims already asserted by Defendants.

In response, Plaintiffs contend that the proposed amendments are futile, because they fail to satisfy the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and fail to state a claim for relief under the Sherman Act. According to Plaintiffs, the proposed amendments allege no facts demonstrating monopolization or an attempt to monopolize the relevant market. In addition, Plaintiffs maintain that their actions in bringing this lawsuit, and in contacting other amusement park operators to advise them that they potentially infringe the patents-in-suit, are actions which are immune from antitrust liability under the *Noerr-*

1

*Pennington* doctrine. Plaintiffs further contend that Defendants lack standing to assert a Sherman Act violation, because Defendants are indirect purchasers of the accused braking systems.

## II. LEGAL STANDARDS

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the Court. In exercising this discretion, the Court should consider such factors as "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (internal citations omitted). An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend. However, if the delay is coupled with either an unwarranted burden on the Court or undue prejudice to the non-moving party, the Court may deny leave to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party may suffer undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner . . . . [Moreover,] [t]he issue of prejudice requires that we focus on the hardship to the [non-movant] if the amendment were permitted." *Id.* (internal

2

citations omitted).

## III. DISCUSSION

After reviewing Defendants' proposed amendments, the Court concludes that Plaintiffs are immune from suit under the *Noerr-Pennington* doctrine. Under the *Noerr-Pennington* doctrine, a patent owner who asserts its rights through a patent infringement action is generally immune from antitrust liability. *See Eastern R.R. Presidents Conference v. Noerr Motor Freight,* 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington,* 381 U.S. 657 (1965). This type of immunity has its origin in the First Amendment, because the pursuit of litigation is a petitioning activity that is protected by the First Amendment. *See Abbott Labs. v. Teva Pharms. USA, Inc.,* 432 F. Supp. 2d 408, 424 (D. Del. 2006). Courts have also extended *Noerr-Pennington* immunity to actions incidental to litigation, such as prelitigation letters. *See McGuire Oil Co. v. Mapco., Inc.,* 958 F.2d 1552, 1560 (11th Cir.1992); *Coastal States Mktg., Inc. v. Hunt,* 694 F.2d 1358, 1367-68 (5th Cir.1983); *see also PennPac Intern., Inc. v. Rotonics Mfg., Inc.,* 2001 WL 569264, at *9 (E.D. Pa. May 25, 2001) (collecting cases).

In the instant case, Defendants' Section 2 counterclaim is primarily based on Plaintiffs' actions in bringing this patent infringement lawsuit and threatening similar legal action against others.[1] Accordingly, the Court concludes that Defendants' counterclaim is barred by the *Noerr-*

---

[1]Among other things, Defendants allege:

> [Plaintiffs] seek, by misuse of the '125 Patent, to control the entire market for magnetic brakes used on amusement park rides. [Plaintiffs] have sued all major amusement parks for patent infringement and have threatened suit as to numerous other smaller parks .... Through their lawsuits and threats of suit, [Plaintiffs] are restricting sales of magnetic brakes by others so that they may control a magnetic brake amusement ride monopoly.

(D.I. 152; Exh. 5 (Proposed Amended Answer) at ¶ 75)

3

*Pennington* doctrine, unless an exception to the immunity applies.[2]

The Supreme Court has recognized two exceptions to *Noerr-Pennington* immunity: an exception for "sham litigation" and an exception for "knowing and willful fraud" in the procurement of a patent. *See Eastern R.R. Conference*, 365 U.S. at 144; *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965). With regard to the first exception, the Supreme Court has outlined a two-part test for determining whether the litigation in question is a sham. *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993). Under the first, objective prong, "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* at 60. Only if the first prong is established may the Court then consider the second, subjective prong, i.e. whether the "baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor through the use [of] the governmental *process* – as opposed to the *outcome* of that process – as an anticompetitive weapon." *Id.* at 60-61 (internal citations and quotation marks omitted).

With regard to the second exception to *Noerr-Pennington* immunity, the accused infringer must demonstrate that the asserted patent was procured through knowing and willful fraud ("*Walker Process* fraud"). *Walker Process* fraud is distinguishable from inequitable

---

[2]With respect to prelitigation letters threatening suit, the Federal Circuit has also recognized that "[a] patentee has the right to inform a potential infringer of the existence of the patent, whereby the recipient of the information may adjust its activities, perhaps seek a license, or otherwise act to protect itself." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("[F]ederal authority makes clear that it is not improper for a patent owner to advise possible infringers of its belief that a particular product may infringe the patent."). Thus, to the extent Defendants' antitrust counterclaim is based upon the prelitigation threat letters to smaller amusement parks, the Court also concludes that the counterclaim is futile, because it fails to state a claim upon which relief may be granted.

conduct – indeed, it is considered to be more difficult to establish than inequitable conduct – and is more akin to common law fraud. *See Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1069 (Fed. Cir. 1998); *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1346 (Fed. Cir. 2007) ("A finding of inequitable conduct does not by itself suffice to support a finding of *Walker Process* fraud."). *Walker Process* fraud requires: "(1) a representation of a material fact, (2) the falsity of that representation, (3) the intent to deceive or, at least, a state of mind so reckless as to the consequences that it is held to be the equivalent of intent (scienter), (4) a justifiable reliance upon the misrepresentation by the party deceived which induces him to act thereon, and (5) injury to the party deceived as a result of his reliance on the misrepresentation." *Hydril Co. LP v. Grant Prideco LP*, 474 F.3d 1344 (Fed. Cir. 2007).

After reviewing the proposed amendments, the Court concludes that Defendants have failed to adequately plead the existence of an exception to *Noerr-Pennington* immunity. With respect to the "sham litigation" exception, Defendants assert that Plaintiffs pursued this litigation and threatened litigation against others "in bad faith for the purposes of destroying or impairing the competitive capacity of [D]efendants." (D.I. 152, Exh. 5 (Proposed Amended Answer) at ¶ 76) However, Defendants do not assert any facts demonstrating that this litigation is objectively baseless. In addition, Defendants offer no facts supporting their bald allegations that this action, or the litigation threats against others, were motivated by bad faith or involved false or fraudulent communications.

With respect to the *Walker Process* fraud exception, Defendants allege that Plaintiffs knew that the '125 and '237 patents were unenforceable; however, the Court concludes that the allegations of fraud underlying Defendants' purported claim of unenforceability are insufficient

5

to come within the purview of *Walker Process* fraud. Defendants allege that the inventors of the '125 patent were omitted, rendering the '125 patent unenforceable, but Defendants assert no factual allegations that support an intent to deceive. (*Id.* at ¶¶ 44, 60-61) Defendants do not allege who was omitted or that this omission was deceptive. Defendants also allege that Plaintiffs "knowingly allowed the '125 [p]atent to expire," that Plaintiff Magnetar Technologies Corp. "claims to have an exclusive right to use or license the '125 patent in the United States," and that a "petition to accept a late payment was filed." (*Id.* at ¶ 73) However, Defendants assert no allegations or facts demonstrating that the petition was false or that the failure to pay any fees was intentional or deceptive. With regard to the '237 patent, Defendants fail to allege any material errors or omissions by Plaintiffs that affected the procurement of the patent. Pleading fraud and inequitable conduct requires particularity under Federal Rule of Civil Procedure 9(b), and the Court concludes that Defendants have failed to satisfy this pleading requirement. *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009). Accordingly, the Court concludes that Defendants' proposed amendments are futile, because their antitrust claim is barred by *Noerr-Pennington* immunity.[3]

## IV. CONCLUSION

For the reasons discussed, the Court will deny Defendants' Motion For Leave To Amend Answer To Add A Counterclaim. An appropriate order will be entered.

---

[3] Alternatively, it appears that Defendants have also failed to demonstrate that they have standing to pursue an antitrust counterclaim. It appears that, at most, Defendants are indirect purchasers who lack standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 729, 735 (1977).