IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGNETAR TECHNOLOGIES CORP., ET AL., :
        Plaintiffs, :
v. : Civil Action No. 07-127-LPS
SIX FLAGS THEME PARKS, INC., ET AL., :
        Defendants. :

## MEMORANDUM ORDER

WHEREAS, Chief Magistrate Judge Mary Pat Thynge issued a Report and Recommendation (D.I. 451) ("Report"), dated July 21, 2015, recommending that Defendants Six Flags Theme Parks Inc., et al.'s ("Defendants") motion for attorney fees, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 (D.I. 426) ("Motion"), be granted in part and denied in part;

WHEREAS, on August 7, 2015, Plaintiffs filed objections to the Report to the extent it recommended granting the Motion in any respect (D.I. 452) ("Objections");

WHEREAS, on August 24, 2015, Defendants filed a response to Plaintiffs' Objections (D.I. 454) ("Response");[1]

---

[1] Inexplicably, Defendants' Response stretches to more than 17 pages. This is notwithstanding the Court's standing order limiting responses to objections to a maximum of 10 pages. *See* http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders (Order of October 9, 2013). It is likewise notwithstanding Chief Judge Thynge's express reiteration of the page limit in her Report. (*See* Report at 31) ("Any response is limited to ten (10) pages.") In addition, Defendants have yet to file a redacted public version of their Response, in contravention of this Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means. *See* http://www.ded.uscourts.gov/sites/default/files/cm-ecf/CMECF-DEAdminProc-Final-101614.pdf ("A redacted version of the sealed civil document shall be filed electronically, within 7 days after the filing of the original sealed document.").

1

Having reviewed the Report, Objections, and Response, and all other pertinent filings, **IT IS HEREBY ORDERED** that Defendants' Motion (D.I. 426) is **DENIED WITHOUT PREJUDICE** to renew, pursuant to whatever procedures Judge Thynge adopts, consistent with the instructions provided in this Order. **IT IS FURTHER ORDERED** that this matter is **RETURNED** to Judge Thynge, with the following instructions,[2] and for the following reasons:

1. On August 12, 2014, Defendants, who had prevailed in this patent infringement case on motions for summary judgment (*see, e.g.*, D.I. 425), filed their Motion for attorney fees, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.[3] While the Motion was being briefed, Plaintiffs pursued an appeal of the Court's judgment. On April 17, 2015, the Federal Circuit affirmed this Court's judgment for Defendants, and the Federal Circuit's mandate issued on May 26, 2015. (D.I. 450)

2. Judge Thynge recommended granting in part Defendants' Motion under § 285 and identified two bases for her recommendation:

> In view of the totality of the circumstances, this case is exceptional based on plaintiffs' objectively unreasonable position on inventorship and Hanlon's expert report on the '125 patent.

---

Defendants' failures are particularly striking when the very subject matter of their Response is to attack Plaintiffs' manner of litigating this case. Under the circumstances, it would be within the Court's discretion to sustain Plaintiffs' Objections solely on the basis of Defendants' violations of the Court's rules. However, the Court has chosen not to do so.

[2]In resolving objections to a Magistrate Judge's report and recommendation, a District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; *or return the matter to the magistrate judge with instructions*." Fed. R. Civ. P. 72(b)(3) (emphasis added).

[3]Judge Thynge recommended denying Defendants' Motion with respect to Defendants' request under 28 U.S.C. § 1927. (*See* D.I. 451 at 2) Defendants did not object to this recommendation.

2

> Regarding incorrect inventorship, plaintiffs, at the latest, knew or should have known of the inventorship problem as a result of the Chung and Staehs' depositions in July 2001, and should have been aware of the significant deficiencies in Hanlon's report when it issued.

3. Judge Thynge concluded that Plaintiffs' conduct in this case was objectively unreasonable. (*See id.* at 10) However, Judge Thynge rejected a majority of the specific contentions that Defendants put forward as evidence of objective unreasonableness, as listed in the Report:

> Defendants submit plaintiffs' litigation conduct was unreasonable, as evident from [1] their weak legal position on on-sale bar; [2] their refusal to dismiss after Acacia and SBC [i.e., prior plaintiffs/owners of the patents-in-suit] withdrew in 2008; [3] their refusal to dismiss the matter after receiving defendants' letters in February and March of 2012 [pointing to deficiencies in Plaintiffs' case]; [4] their failure to address indefiniteness; [5] their position on inventorship; [6] their submission of inadequate expert testimony [i.e., the Hanlon report]. . . [and 7] plaintiffs['] fail[ure] to address obviousness.

(Report at 15, 22) (bracketed text added) In careful analysis, Judge Thynge explained how, with respect to Defendants' contentions 1-4 and 7, Plaintiffs' litigation conduct was not unreasonable. (*See id.* at 16-18, 22-23)

4. Judge Thynge further found that Plaintiffs' claims for infringement of the '125 patent "were not frivolous," despite that patent being found invalid for incorrect inventorship (on summary judgment), after seven years of litigation. (Report at 11; *see also id.* at 14 ("[T]he frivolousness factor does not weigh in defendants' favor.")) Judge Thynge also concluded that "defendants fail[ed] to show that plaintiffs' motives were improper." (Report at 14)

5. For all these reasons, Judge Thynge recommended that the Court grant Defendants

3

a portion of the $1,768,920.88 they sought by their Motion, with the specific amount to be determined after submission of further evidence. (*See* Report at 1, 31)[4]

6. In patent cases that are deemed "exceptional," a Court may award "reasonable attorney fees" to the "prevailing party." 35 U.S.C. § 285. Federal Circuit law applies when interpreting and applying § 285. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006). The Supreme Court has held that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Ultimately, the Court must make a discretionary decision based on the totality of circumstances. *See id.* A party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." *Id.* at 1758.

7. The Court finds that the most appropriate manner of proceeding in this case is to return the matter of attorney fees under § 285 to Judge Thynge, who is already extremely familiar with this litigation, having handled the overwhelming majority of disputes that have arisen over its 8 ½ year history. Among other things, Judge Thynge has written reports in this case that collectively exceed 180 pages. (*See* D.I. 404-07, 451) Any renewed motion for attorney fees, and any other matters related to attorney fees (*see, e.g.*, Report at 26 ("In light of these findings, defendants' timely request for leave to modify their fee request should be granted."); *id.* at 27 (contemplating subsequent filings by Defendants tailored to portion of motion being

---

[4]The Report also denied Defendants' request for attorney fees pursuant to 28 U.S.C. § 1927, finding that Defendants failed to establish that Plaintiffs' attorneys "prolonged and multiplied court proceedings in bad faith or by intentional misconduct." (Report at 27-31)

recommended to be granted)), shall be resolved by Judge Thynge in accordance with the following instructions:

        A.      Judge Thynge shall make clear whether she is entering an order, which this Court may only be able to review for clear error of law or fact, or is instead proposing findings of fact and/or conclusions of law, which this Court may have to review *de novo*. At present, it is not entirely clear what standard of review this Court should apply to Plaintiffs' objections.

A decision to grant or deny attorney fees is not case dispositive; regardless of the Court's resolution of such a motion, the judgment in favor of Defendants here will be entirely unaffected. This would suggest that the Court's review of objections is deferential, requiring the Court to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[5]

However, Judge Thynge chose not to issue an order, but instead a report and recommendation. While Rule 72(a) discusses objections to Magistrate Judge "orders," it is Rule 72(b)(3) that governs review of objections to "Findings and Recommendations," and Rule 72(b)(3) directs that a District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Moreover, in the Objections and Response, the parties all agree that the standard of review this Court should apply to Plaintiffs' Objections is *de novo* review. (*See* Objections at 1; Response at 1) Neither side, however, explains why it believes this is the applicable standard of review, nor do they cite any pertinent authority.

In further proceedings before Judge Thynge, the parties should make clear whether they

---

[5]In advising the parties of their right to press objections, Judge Thynge referenced Rule 72(a). (*See* Report at 31)

5

request that the Magistrate Judge enter an Order, which would be subject (should either side object) to review by this Court for clear error of fact or law, see Fed. R. Civ. P. 72(a), or instead they request that she again provide a report and recommendation, which this Court would then review *de novo*, see Fed. R. Civ. P. 72(b)(3).[6]

        B.      Judge Thynge shall address the one clear error of fact that the parties are in agreement that the Report contains. While the Report states that **Plaintiffs** obtained an assignment of the rights of the unidentified inventor,[7] in fact it is undisputed that it was a former **Defendant** who obtained the assignment of this inventor's rights, during the course of the litigation.[8] Defendants may be correct that this error actually helped Plaintiffs as Judge Thynge analyzed the Motion – arguably, Plaintiffs received credit for identifying the inventorship issue and taking reasonable steps to address it, when it appears it was Defendants who spotted the issue. It is appropriate for Judge Thynge to have an opportunity to reconsider her analysis based

---

[6] The ultimate decision whether to award attorney fees is discretionary, and will be subject to review on appeal for abuse of discretion. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("For reasons we explain in *Octane*, the determination whether a case is 'exceptional' under § 285 is a matter of discretion. And as in our prior cases involving similar determinations, the exceptional-case determination is to be reviewed only for abuse of discretion."). Different judges may view discretionary decisions, like determinations if a case is "exceptional" and, if so, whether (and/or how much) attorney fees are warranted, differently. For this reason, clarity as to the appropriate standard by which objections will be reviewed may be crucial.

[7] (Report at 13 ("Plaintiffs conducted a basic investigation of inventorship, because they sought and obtained a quitclaim deed from Chung assigning any of his rights in the '125 patent in July 2007."); *see also id.* at 20 ("Plaintiffs clearly suspected Chung was an inventor of the '125 patent. In 2007, they obtained a transfer of his rights, title and interest in the patent."))

[8] (*See* Objections at 3-4; Response at 1 ("[I]t is true that the assignment was made to [former Defendant] Busch . . . ."), 9 ("[T]he fact [is] that it was former Defendant Busch, not Plaintiffs, that purchased his rights."))

6

on the corrected record.[9]

        C.      Despite the thoroughness of Judge Thynge's analysis, the Report does not expressly state a conclusion on three important points.

First, are attorney fees warranted here because certain of Plaintiff's litigation conduct is conduct that the Court should be trying to deter? Second, are attorney fees warranted here because Defendants are deserving of compensation? Third, and most importantly, in light of the "totality of the circumstances," after giving appropriate weight to all of the pertinent factors, is this case *as a whole* "exceptional" under § 285 in light of the specific instances of behavior deemed to be objectively unreasonable or otherwise improper?

In this case, the Court would benefit from having Judge Thynge address these issues. She handled the vast majority of this litigation. She is in the best position to explain whether (and, if so, how much) Plaintiffs should have to pay Defendants based on two identified missteps over the course of eight-plus years of litigation, in light of the totality of the circumstances of the case as a whole.

Accordingly, the matter of attorney fees under § 285 is returned to Chief Magistrate Judge Thynge for further proceedings consistent with the instructions provided in this Order.

September 30, 2015  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[9] For their part, Plaintiffs suggest that the error hurt them in Judge Thynge's eyes, arguing, "To the extent the Report infers that the plaintiffs were hiding 'their' assignment from Chung to avoid uncomfortable facts, the inference is based on the incorrect assumption that the plaintiffs got an assignment because they believed Chung did invent." (Objections at 4)