IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNETAR TECHNOLOGIES CORP.<br>and G&T CONVEYOR CO.,<br><br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS THEME PARKS INC.,<br>et al.,<br><br>Defendants. | C.A. No. 07-127-LPS-MPT |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In March 2007, plaintiffs Magnetar Technologies Corp. ("Magnetar") and G&T Conveyor Co. ("G&T") (collectively, "plaintiffs") sued multiple theme park operators ("defendants"), alleging infringement of U.S. Patent Nos. 5,277,125 ("the '125 patent") and 6,659,237 ("the '237 patent").[1] On February 7, 2014, the court issued Reports and Recommendations (the "February 7, 2014 R&Rs"), finding the '125 patent was invalid on the grounds of indefiniteness, failure to name all inventors, and obviousness.[2] The February 7, 2014 R&Rs also found the '125 patent and the '237 patent were not infringed with respect to certain accused amusement park rides.[3] On July 29, 2014, the court adopted those Reports and Recommendations and entered judgment for

---

[1] D.I. 1.
[2] *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712 (D. Del. Feb. 7, 2014).
[3] *Id.*; D.I. 406.

defendants and against plaintiffs.[4] On April 17, 2015, the United States Court of Appeals for the Federal Circuit affirmed the court's rulings and the Federal Circuit's mandate was issued on May 26, 2015.[5] On March 13, 2017, this court granted defendants' renewed motion for attorneys' fees.[6] Presently before the court is plaintiffs' motion to correct inventorship under 35 U.S.C. § 256 and defendants' request for attorneys' fees.[7] For the reasons stated below, it is recommended that plaintiffs' motion be granted and defendants' request be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The record details the extensive factual and procedural background in this case. For the purposes of this motion, the court will only briefly reiterate pertinent facts.

The '125 patent claims a car and track assembly with wheels rolling on a two-rail track and a metal fin extending down from the car and passing between linear motors.[8] Joel L. Staehs and Gene DiFonso are the named inventors for the '125 patent.[9] The '125 patent was originally assigned to BAE Automated Systems ("BAE") and G&T acquired BAE's assets in 2001.[10] Magnetar received an exclusive license under the '125 patent from G&T for certain uses.[11] The patent was filed on October 28, 1992 and

---

[4] D.I. 425.
[5] *Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, 599 F. App'x 960 (Fed. Cir. 2015); D.I. 450.
[6] D.I. 477.
[7] D.I. 486.
[8] *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712, at *1 (D. Del. Feb. 7, 2014).
[9] D.I. 56, Ex. A.
[10] D.I. 312 at 1.
[11] *Id.*

2

has since expired.[12]

On March 1, 2007, plaintiffs instituted the present matter, claiming braking systems and assemblies in defendant's amusement park rides infringe claim 3 of the '125 patent and claims 1 and 10 of the '237 patent.[13] In February 2014, this court recommended that defendant's motions for summary judgment of invalidity and non-infringement of the '125 patent be granted.[14] One of the February 7, 2014 R&Rs concluded the '125 patent was invalid because it was indefinite, obvious, and failed to name Mr. Kwangho Chung as an inventor, despite his substantial contributions to plaintiffs' technology.[15]

In July 2014, Judge Stark adopted the recommendations, invalidating the '125 patent due to indefiniteness, incorrect inventorship, on-sale bar, and obviousness.[16] Judge Stark's Memorandum Order also determined most of the accused amusement park rides did not infringe the '125 patent.[17] Following the Memorandum Order, defendants moved for an award of attorneys' fees, which this court granted in a Report and Recommendation.[18] After reviewing the Report and Recommendation, the subsequent objections, and the response, Judge Stark issued a Memorandum Order

---

[12] D.I. 338, Ex. A.
[13] D.I. 1. See generally D.I. 56, Ex. A-Ex. B.
[14] D.I. 406; *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712 (D. Del. Feb. 7, 2014) (recommending "[d]efendants' motion for summary judgment of invalidity of the '125 patent (D.I. 337) be granted...[d]efendants' motion for summary judgment of non-infringement of claim 3 of the '125 patent be granted as to certain rides and denied as to other accused rides as identified herein").
[15] *Magnetar*, 2014 WL 547712 at *8.
[16] D.I. 425.
[17] *Id.*
[18] D.I. 426.

denying defendants' motion for attorneys' fees.[19] On November 13, 2015, defendants filed a renewed motion for attorneys' fees.[20] This renewed motion was granted on March 13, 2017.[21] Plaintiffs filed objections to this Report and Recommendation and submitted their motion to correct inventorship on May 10, 2017.[22] Defendants submitted their response to plaintiffs' objections and their response to the motion to correct inventorship on June 9, 2017.[23]

## III. LEGAL STANDARDS

Patent applications must be filed by the inventor, who "shall make [an] oath that he believes himself to be the original and first inventor. . ."[24] When an inventor is omitted from a patent application, 35 U.S.C. § 256 permits correction of the mistake "if it arose as a result of 'error and without deceptive intention . . . .'"[25] Inventorship can be corrected at any time and, "[i]f a patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid."[26]

## IV. DISCUSSION

In the instant matter, plaintiffs argue that under 35 U.S.C. § 256, if inventorship

---

[19] D.I. 457.

[20] D.I. 463.

[21] *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2017 WL 962760 (D. Del. Mar. 13, 2017).

[22] D.I. 483; D.I. 486.

[23] D.I. 495; D.I. 496.

[24] *Long Mfg. N.C., Inc. v. Condec Corp.*, 1984 WL 1351, at *16 (E.D.N.C.) (quoting 35 U.S.C. § 115).

[25] *Id.*

[26] *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1162 (Fed. Cir. 1993); *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998).

4

can be corrected, a district court must grant the correction of the patent to save it from invalidity.[27] Defendants, however, assert this motion is frivolous, relying on three arguments in support.[28] First, defendants argue the motion is futile because plaintiffs do not have legal title to Chung's interest in the invention.[29] Second, defendants contend the court has already entered a final judgment and therefore, plaintiffs cannot succeed in amending the judgment under FED. R. CIV. P. 59 or seek relief under FED. R. CIV. P. 60.[30] Finally, defendants aver the motion is moot because the '125 patent was found invalid for other reasons in addition to incorrect inventorship, and therefore, correcting inventorship would not remedy the invalidity of the patent, which has since expired.[31]

### A. Correcting Inventorship

#### 1. Futility

Defendants contend plaintiffs' motion is futile because inventorship cannot be corrected under 35 U.S.C. § 256, since plaintiffs do not have legal title to Chung's interest in the invention.[32] Defendants point to one of the February 7, 2014 R&Rs, where this court noted plaintiffs' apparent concession of the futility of correcting

---

[27] D.I. 486. See also Pannu, 155 F.3d at 1350 (stating "[i]f a patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid").
[28] D.I. 496 at 4-7.
[29] Id. at 4-5.
[30] Id. at 5-6.
[31] Id. at 6-7.
[32] Id. at 4.

inventorship.[33] Plaintiffs counter that, at the time, they maintained a good faith belief that there was no inventorship error, and thus, did not seek to correct inventorship.[34] Plaintiffs further aver this court has not determined whether inventorship could be corrected.[35] In the February 2014 R&R, this court adopted defendants' position regarding section 256 and noted plaintiffs' apparent concession of the futility of correcting inventorship, but never addressed plaintiffs' ability or right to correct inventorship.[36]

Defendants further assert this motion is futile because plaintiffs do not have legal title to Chung's interest and would lack standing after correcting inventorship to include Chung.[37] Chung was a consultant to BAE.[38] As a consultant, defendants argue that Chung was not an employee of BAE, but an independent contractor.[39] Therefore, defendants contend plaintiffs do not and cannot have legal title to Chung's interest in the invention.[40]

Defendants maintain Chung's status as an independent contractor disqualifies

---

[33] *Id. See also Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712 at *9 (D. Del. Feb. 7, 2014) ("Chung was working as a consultant, not an employee of BAE, when he developed the double-sided brake. Consequently, defendants argue plaintiffs do not have legal title to Chung's interest in the invention . . . . Plaintiffs did not respond to defendants' arguments regarding section 256, apparently conceding the futility of correcting inventorship via that section. The court, therefore, grants defendants' motion for summary judgment of invalidity based on incorrect inventorship").

[34] D.I. 501 at 4.
[35] *Id.*
[36] *Magnetar*, 2014 WL 547712, at *9.
[37] D.I. at 501.
[38] *See Magnetar*, 2014 WL 547712, at *9; D.I. 338, Ex. I at 52; Ex. O at 40.
[39] D.I. 338 at 14-15; D.I. 496 at 4-5.
[40] D.I. 338 at 14-15; D.I. 496 at 4-5.

6

him from the "hired to invent" doctrine.[41] The hired to invent doctrine allows inventions made by employees to be owned by their employers.[42] The hired to invent doctrine does not apply to independent contractors, and therefore, BAE would not have legal title to Chung's interest.[43] Even if the hired to invent doctrine applied, the doctrine "grants an obligation of assignment and equitable title, not legal title."[44] There is no evidence of any assignment of Chung's legal title, so application of the hired to invent doctrine would not grant plaintiffs legal title.[45] Patent infringement cases "cannot proceed without the participation of all legal owners."[46] To have standing, plaintiffs must demonstrate they "held enforceable title at the inception of the lawsuit."[47] Defendants argue although plaintiffs have standing now and at the time they filed the present action, they would lose standing as soon as they corrected inventorship because there is no means for plaintiffs to obtain legal title.[48]

Section 256 has been read broadly and "imposes no requirement of potential ownership in the patent on those seeking to invoke it."[49] Section 256 has no limitations period, and courts tend to read the statute broadly, erring on the side of providing relief

---

[41] See Gellman v. Telular Corp., 2010 WL 5173213, at *5 (E.D. Tex. Dec. 14, 2010), aff'd, 449 Fed. Appx. 941 (Fed. Cir. 2011); D.I. 338 at 14-5.
[42] Gellman v. Telular Corp., 2010 WL 5173213, at *5.
[43] Id.
[44] Id. at *18.
[45] D.I. 338 at 15. See id.
[46] Crown Die & Tool Co. v. Nye Tool & Mach. Works, 261 U.S. 24, 40-1 (1923).
[47] Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc., 587 F.3d 1375, 1378 (Fed. Cir. 2009).
[48] D.I. 496 at 4-5.
[49] Chou v. University of Chicago, 254 F.3d 1347, 1358 (Fed. Cir. 2001) (holding "an expectation of ownership of a patent is not a prerequisite for a putative inventor to possess standing to sue to correct inventorship under § 256").

7

in correcting inventorship.[50] Courts interpret section 256 "as a 'savings' provision' to prevent patent rights from being extinguished simply because the inventors are not correctly listed."[51] This court similarly interprets section 256 broadly, such that plaintiffs' lack of legal ownership of Chung's interest does not strip them of standing. Thus, plaintiffs' motion is not futile.

### 2. Vehicle for Court to Entertain the Present Motion

Defendants argue there is no means for this court to entertain the motion because it has already entered a final judgment.[52] Defendants note plaintiffs have not filed a motion to alter or amend the judgment under FED. R. CIV. P. 59, nor sought relief from judgment under FED. R. CIV. P. 60.[53] Therefore, they argue, plaintiffs furnish no "procedural vehicle" for the court to consider this motion where final judgment was entered.[54] Plaintiffs maintain their motion is procedurally proper.[55] They argued in good faith that Chung should not have been named as an inventor of the '125 patent and now, after the decisions of this court and the Federal Circuit, believe correcting inventorship is appropriate.[56]

Plaintiffs reason section 256 provides an avenue for this court to entertain their motion because "[i]f a patentee demonstrates that inventorship can be corrected as

---

[50] *Iowa State University Research Foundation, Inc. v. Sperry Rand Corp.*, 444 F.2d 406, 410 (4th Cir. 1971); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348-1351 (Fed. Cir. 1998).
[51] *Chou*, 554 F.3d at 1358 (quoting *Pannu*, 155 F.3d at 1349 (Fed. Cir. 1998)).
[52] D.I. 496 at 5-6.
[53] *Id.*
[54] *Id.* at 5.
[55] D.I. 501 at 5-9.
[56] *Id.* at 5-6.

8

provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid."[57] In light of the comprehensive remedial purposes Congress intended for section 256, a broad reading of the statute is proper.[58] Despite defendants' contention regarding entry of final judgment, this court has *not* entered a final judgment as to plaintiffs' right to correct inventorship.[59] The Federal Circuit has determined "the only procedural prerequisites to maintain a correction action in district court are notice and an opportunity for all parties to be heard."[60] Here, defendants do not contend that plaintiffs failed to meet these two elements.[61] Therefore, section 256 provides the vehicle for considering the present motion.

### 3. Mootness

In arguing plaintiffs' motion is moot, defendants emphasize two cases where courts determined a motion to correct inventorship was moot when incorrect inventorship was one of several reasons the patent was previously found invalid.[62] Plaintiffs maintain these cases do not support mootness,[63] and rely on *Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd.*,[64] which they purport nullifies

---

[57] D.I. 501 at 7 (quoting *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998)).
[58] See *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551 (Fed. Cir. 1997).
[59] See *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712, at *9 (D. Del. Feb. 7, 2014).
[60] *Stark*, 119 F.3d at 1553 (citing *Iowa State University Research Foundation, Inc. v. Sperry Rand Corp.*, 444 F.2d 406 (4th Cir. 1971); *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989)).
[61] D.I. 496 at 5-6.
[62] *Id.* at 6 (citing *Garrett Corp. v. United States*, 190 Ct. Cl. 858, 870 n.5 (1970); *Long Mfg. N.C., Inc. v. Condec Corp.*, 1984 WL 1351, at *16 (E.D.N.C. June 21, 1984)).
[63] D.I. 501 at 2-3. See generally *Garrett Corp.*, 190 Ct. Cl. 858; *Long*, 1984 WL 1351.
[64] 292 F.3d 1363, 1377 (Fed. Cir. 2002).

9

defendants' argument and cited caselaw.⁶⁵ Plaintiffs' reliance on this decision is misplaced because the Federal Circuit found there was no previous determination regarding who should have been named as the inventor for the patent at issue.⁶⁶ Moreover, *Frank's Casing Crew* only involved inventorship issues, unlike the '125 patent at issue which was found invalid on multiple grounds, one of which was incorrect inventorship.⁶⁷ In *Frank's Casing Crew*, the appellate court remanded the matter to the district court to determine whether correction of inventorship applied, and subsequently correction of inventorship occurred.⁶⁸ In the present case, all inventors are identified and there are multiple grounds on which the court found the claim 3 of the '125 patent invalid.⁶⁹ Incorrect inventorship is not the sole reason for invalidity of the '125 patent, and even if plaintiffs cured inventorship, claim 3 would remain invalid because of indefiniteness and obviousness.⁷⁰

Plaintiffs further argue their motion is not moot because its outcome may impact the defendants' request for attorneys' fees, would remove the invalidity of claims 1 and 2 of the '125 patent, and would impact rights of the owners of the '125 patent.⁷¹ Correction of inventorship is not moot because claims 1 and 2 of the '125 patent were found invalid based on the court's determination of invalidity of claim 3 for incorrect

---

⁶⁵ D.I. 501 at 3. *See Frank's Casing Crew*, 292 F.3d at 1377.
⁶⁶ *Frank's Casing Crew*, 292 F.3d at 1377.
⁶⁷ Compare *Frank's Casing Crew*, 292 F.3d at 1371-1377 *with* D.I. 407.
⁶⁸ *Frank's Casing Crew*, 292 F.3d at 1377.
⁶⁹ See generally *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2014 WL 547712 at *2-*5, *15-*19 (D. Del. Feb. 7, 2014).
⁷⁰ *See id.*
⁷¹ D.I. 501 at 2.

inventorship.[72] Claims 1 and 2 of the '125 were not found invalid on any other ground.[73] Additionally, in awarding attorneys' fees, this court relied on its finding of invalidity of the '125 patent based on incorrect inventorship - specifically, in its determination of objective unreasonableness and its analysis of the need to compensate for and deter similar conduct.[74] Therefore, plaintiffs' motion is not moot.

### 4. Motion to Correct Inventorship

Section 256 permits correction of inventorship "if [incorrect inventorship] arose as a result of 'error and without deceptive intention.'"[75] In the absence of deceptive intent, courts often provide relief by correcting inventorship, reading the statute broadly based on Congress' remedial intent.[76] The court, in finding incorrect inventorship, did not find plaintiffs acted with deceptive intent or were grossly negligent.[77] Defendants do not contend plaintiffs acted with deceptive intent, and there is no evidence supporting such conduct.[78] In light of the finding that plaintiffs acted erroneously without deceptive intent, and the determination of defendants' other arguments as unpersuasive, this court recommends that plaintiffs' motion to correct inventorship should be granted.

---

[72] *Id.* See also *Magnetar*, 2014 WL 547712, at *5-*9.
[73] See *Magnetar*, 2014 WL 547712, at *2-*19 (finding claims 1 and 2 invalid only due to incorrect inventorship).
[74] See generally *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 2017 WL 962760 (D. Del. Mar. 13, 2017).
[75] *Long Mfg. N.C., Inc. v. Condec Corp.*, 1984 WL 1351, at *16 (E.D.N.C.) (quoting 35 U.S.C. § 115).
[76] *Iowa State University Research Foundation, Inc. v. Sperry Rand Corp.*, 444 F.2d 406, 410 (4th Cir. 1971); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348-1351 (Fed. Cir. 1998).
[77] *Magnetar*, 2014 WL 547712, at *5-*9.
[78] See generally D.I. 496.

## B. Defendants' Request for Attorneys' Fees

District courts have broad discretion regarding the award of attorneys' fees and consider a variety of factors.[79] Under the principle known as the American Rule, each litigant is responsible for its attorneys' fees and costs. This principle applies equally to prevailing and losing parties unless a specific statute authorizes the shifting of attorneys' fees.[80] The Supreme Court has "used the bad faith exception to the American Rule to uphold the award of attorneys fees."[81] A party's bad faith conduct is an exception the American Rule.[82] Bad faith exists "where parties have unnecessarily prolonged or delayed litigation, falsified records or knowingly asserted frivolous claims."[83]

Defendants note plaintiffs' misconduct during discovery, but this court previously determined the "arguments concerning discovery misconduct and spoilation do not support an award of fees."[84] Defendants further argue that because plaintiffs' motion is procedurally improper, moot, and futile, it "represents a situation where reimbursement of its attorneys' fees would be appropriate."[85] As this court previously concluded herein,

---

[79] *Dow Chemical Canada Inc. v. HRD Corporation*, C.A. No. 05-023-RGA, 2013 WL 3942052, at *1 (D. Del. July 29, 2013) (citing *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 546-47 (Del. 1998).

[80] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1753 (2014) (quoting *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013)) (under the American Rule, each litigant pays "his own attorney[s'] fees, win or lose").

[81] *Johnston*, 720 A.2d at 545.

[82] *Id.* at 543.

[83] *Johnston*, 720 A.2d at 545-46 (citing *Chamberes v. NASCO, Inc.*, 501 U.S. 32 (1991); *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1243 (10th Cir. 1988); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980)).

[84] *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, C.A. No. 07-127-LPS-MPT, 2017 WL 962760 (D. Del. Mar. 13, 2017).

[85] D.I. 496 at 7.

plaintiffs' motion is *not* procedurally improper, moot, or futile. Because defendants do not argue other grounds on which attorneys' fees should be granted, and there is no evidence plaintiffs acted in bad faith, defendants' request for attorneys' fees should be denied.

## V. CONCLUSION

Consistent with the findings herein, IT IS RECOMMENDED that plaintiffs' motion to correct inventorship under 35 U.S.C. § 256 (D.I. 486) be GRANTED.

IT IS FURTHER RECOMMENDED that defendants' motion be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Objections and responses are limited to ten (10) pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Dated: August 2, 2017                                     Mary Pat Thynge
                                                                                  United States Magistrate Judge